## JONES *against* HAKE.

A. made a note payable to B. which was indorsed by him, and C. and D. and sent by A. to E. a money broker, in order to raise money, and E. advanced the money on the note, deducting a premium of two per cent., a month. In an action brought against B. the first indorser, by G. it was held that the note was usurious and void.

Also, that E. the broker, was an admissible witness on the part of the plain- tiff, to prove that the note had been sold for no more than the legal interest to F.

THIS was an action of *assumpsit,* on a promissory note drawn by Charles Watkins in favor of the defendant, in- dorsed by him, Barber and Griffin, and Peter A. Schenck, and which note, afterwards, came into the hands of the plaintiff.

The cause was tried at the last sittings in New York, be-

fore the Chief Justice. The defence set up was, that the note was usurious, and therefore void.

It was proved by a witness for the defendant, that Watkins, the maker of the note, in order to raise money, sent it *to one Haskin, a money broker, who had often [*61] obtained money for him before.

When the witness first took the note to Haskin, it had not been indorsed by Peter A. Schenck. Haskin kept it a few days, and then returned it to the witness, telling him that he could not get the money on the note as it then was, but that if Watkins would procure the endorsement of Peter A. Sckenck, he (Haskin) could get him the money, at the rate of two per cent. per month. The name of Schenck was obtained, and the note again taken to Haskin, who then advanced a part of the money, and, shortly afterwards, the residue, deducting at and after the rate of two per cent. per month, as the interest thereof. It further appeared in evidence, that at the time of delivering the note to Haskin, the witness knew not whether Haskin was the owner of the money, or acted as an agent for another, but he knew no other person as the lender of the money. The terms were adjusted solely with Haskin.

The counsel for the plaintiff offered Haskin as a witness, to prove that he, as the broker of Watkins, had sold the note in question to one Herriman, at a discount, not exceeding legal interest; and also offered Herriman, who had no interest in the note, and was released by the plaintiff, to prove that he had given a full consideration for it; but they were both rejected by the judge.

The counsel for the plaintiff contended, that as Haskin was proved to be a money broker, the jury might consider him as the broker of Watkins, for the purpose of selling the note, and that at any rate it was a sale of a note, and not a usurious contract.

But the judge charged the jury, that under the evidence before them, they must consider it as a loan, and Haskin as the principal; that the terms of the loan were made by him, and he only was known as the lender; that as more than

seven per cent. per annum had been taken, the note was void, and they must find for the defendant.

The jury, nevertheless, found a verdict for the plaintiff. for the full amount of the note, with interest.

[*62]    *A motion was made to set aside the verdict, and for a new trial.

*B. Livingston*, for the plaintiff.

*Riker*, for the defendant.

RADCLIFF, J. Considering this case as depending upon. the testimony admitted at the trial, I am of opinion that the verdict was clearly against evidence. The note in question was made by Watkins, and indorsed by the persons whose names appear on it, for the accommodation of Watkins alone. No money was paid, or value given, by any of the indorsers. If the transaction be viewed in its true light, it was a contract, made through the agency of Haskin, between Watkins on the one part, and the person who loaned the money, and took the note as his security, on the other. The lender was in reality, the first holder of the note, for the value given, whatever that may have been. If then we admit no shift or device to evade the statute against usury, and look through the forms under which the parties intended to cover the loan, it appears to me there can be no doubt but that the contract was usurious, and the note therefore void.(*a*)

As to the witnesses offered by the plaintiff, I think they were competent, and ought to have been admitted. Haskins was the mere agent or broker,(*b*) and not a party in interest,

(*a*) See *Wilkie* v. *Roosevelt, infra,* vol. 3, p. 66, n.

(*b*) In the case of *Payne* v. *Tresevant*, 2 Bay, 23, a broker who had negotiated usurious paper between the borrower and lender was held to be a competent witness to prove the nature of the transaction, although he was payer of the notes and had endorsed them in order to give them circulation. That agents, attorneys and servants are generally competent witnesses, *ex necessitate,* see *supra,* vol. 1, p. 274, n. *a,* to *Cortes* v. *Billings,* and add to the authorities there cited *Dudley* v. *Bolles,* 24 Wend. 465. *Barnes* v. *Cole,* 21 id. 188. *Vanderburgh* v. *Hull,* 20 id. 70. *Noble* v. *Paddock,* 19 id. 456. *Morris* v. *Wadsworth,* 17 id. 103. *Sewell* v. *Fitch,* 8 Cowen, 215. *Mauran* v. *Lamb,* 7 id. 174. *Mildeberger* v. *Baldwin,* 2 Hall, 176. *Rankin* v. *Am. Ins. Co.,* 1 id. 619. *Milward* v. *Hallett,* 2 Caines, 77. *Smith* v. *Huntington,* 1 Root, 226. *Shepard* v. *Palmer,* 6 Conn. R. 95. *Conner* v. *Moore,* 5 J. J.

Jones v. Hake.

and Herriman is expressly stated not to have any interest in the note, and was also released by the plaintiff. These witnesses were offered to disprove the usury, and were objected to by the defendant, and rejected by the judge. It has been pretended, that the objection *coming from the defendant*, ought to conclude him as to the facts offered to be proved. But this idea is altogether incorrect. A party has a right to avail himself of any objection to the competency of a witness, and if overruled, he has still an undoubted right to discredit his testimony, or oppose it by counter proof.

*It has also been urged, that the plaintiff is in pos-  [*63] session of an equitable verdict; that the defence set up by the defendant, being founded on usury, is unconscientious, and that the court ought not to interfere to relieve him from a just debt. There are cases in which these considerations, if true, would have their weight, but whatever opinion may be entertained as to the morality of such a contract, I think we are bound by the statute to consider it as illegal and corrupt. To treat it differently, would contravene the declared sense of the legislature, and tend to defeat the operation of an important act, founded on considerations of public policy. Upon the whole, I am of opinion that the case ought to be re-examined on all the proofs, and for that purpose that a new trial should be awarded.

KENT, J. and BENSON, J. concurred.

LANSING, Ch. J. I do not differ from the opinion of the court, that Haskin is to be considered as the agent of Watkins, and of consequence that my exclusion of his testimony was improper. But I cannot concur in the effects ascribed to that opinion.

If Haskin was the agent of Watkins, and he passed the note as such, the acts of Haskin must be considered as those

Marsh. 665. *Connelly* v. *Childs,* 2 A. K. Marsh. 242. *Alexander* v. *Emerson,* 2 Litt. 25. *Swearingen* v. *Fields,* 1 Dana, 387. *Folly* v. *Smith,* 7 Halst. 139. *Ayres* v. *Van Lien,* 2 South. 765. *McLean* v. *Batchelor,* 8 Greenl. 324. *Phelps* v. *Sinclair,* 2 N. Hamp. 554. *Rice* v. *Grove,* 22 Pick. 158. *Fuller* v. *Wheelock,* 10 id. 135. *Ruan* v. *Gardiner,* 1 Wash. C. C. R. 145.

of his principal, and certainly, if he stands in that relation *only*, there is no proof of usury. The secret transactions between a principal and his agent, cannot influence the contract which he makes, for the benefit of his principal, with others.

Haskin and Herriman were offered as witnesses on the part of the plaintiff, to vindicate his contract from the imputation of being usurious.

If this evidence had been admitted, it could not place the defendant in a better situation. It cannot therefore be necessary, on the ground assumed by the court, to turn the plaintiff over to a new trial; for if there is now no proof of

[*64] usury, the testimony of Haskin *and Herriman, as stated in the case, though it may tend to destroy suspicion, can never establish any fact material to the parties.

I am, therefore, of opinion that the motion ought to be denied.

Lewis, J. was of the same opinion.

New trial granted.