## Case No. 7,571.

### JUDY v. GERARD et al.

[4 McLean, 360.] [1]

Circuit Court, D. Indiana. May Term, 1848.

#### USURY—WHAT CONSTITUTES.

1. The purchase of promissory notes signed by an individual or issued by a bank, if made bona fide is not usurious.

2. If the purchase, however, was a device, to charge a higher rate of interest than the law authorizes, it is usurious.

3. Depreciated bank notes may be sold in the market at a greater or less price, as may be agreed upon between the parties. Like any commodity, they can be bought and sold without usury. But any device or cover which may be resorted to, to evade the statute of usury, is corrupt and usurious.

[Cited in Cornell v. Barnes, 26 Wis. 487.]

At law.

Mr. Sullivan, for plaintiff.
Mr. Raymond, for defendants.

OPINION OF THE COURT. This is an action of debt on a sealed bill, for the payment of seven hundred dollars. The defendants pleaded that David Gerard, being much embarrassed, corruptly agreed, against the statute, with Henry Hays, that he should advance to him the sum of one thousand dollars, in notes of the Bank of Illinois, which were then and there greatly reduced and under par, being worth only thirty-seven and a half cents in the dollar, and that the said Gerard should execute a note to him, with the said Jacob Hays security, for the payment of one thousand dollars, on or before the 1st of March, 1845, with a proviso that the sum might be discharged by the payment of five hundred dollars, before the 1st of October, 1843. In pursuance of which corrupt agreement, on the 12th of September, 1842, they executed a note to the effect, that before the 1st of October, 1845, they promised to pay to Henry Hays, or order, one thousand dollars, which may be discharged with five hundred dollars before the 1st of October, 1843. That the sum of five hundred dollars not having been paid, it was afterwards corruptly agreed, etc., that the said David should execute to him with the said Jacob Hays and John Gerard as sureties, the seven hundred dollars payable 1st of October, 1845. That he should give up and surrender the said note of one thousand dollars. That the said note or bill was usurious, etc. Issue, etc. The jury being sworn, the plaintiff offered in evidence letters of ad-

1 [Reported by Hon. John McLean, Circuit Justice.]

ministration, which were objected to for want of proper authentication.

Provision is made in the 463d section of the Revised Statutes of Indiana of 1843, that "a non-resident executor or administrator, duly appointed in any other state or county, may sue in Indiana, and a copy of his letters duly authenticated, in like manner as provided in the 47th sec. of this chapter, being produced and filed in the court," etc. Indiana has a right to prescribe the mode letters testamentary or of administration in any other state shall be authenticated. The letters offered were within the requisition of the act, and they are therefore admitted.

The thousand dollar note was offered in evidence by the defendant, under the plea of usury. This was objected to unless the signatures were proved. The note having been set out in the plea, the court will admit the note without proof of the signatures, there being no denial of them by oath or affirmation. Rev. St. p. 711, §§ 216–218. To constitute usury, gentlemen of the jury, there must be a loan of money and a corrupt agreement to evade the statute by securing more than the legal rate of interest. Under whatever pretense or device this may be done, whatever shape the contract may assume, if the object was to evade the statute it was usury, and the jury must determine from the facts and circumstances as to the intent of the parties. The agreement to purchase from the plaintiff one thousand dollars, in notes of the Bank of Illinois, for which a note for one thousand dollars was given to be discharged on the payment of five hundred dollars, was not a usurious transaction, if there was a bona fide purchaser of the Illinois notes, and in this view it is immaterial whether the notes purchased were worth more or less than the price agreed to be paid. They were worth, as averred in the plea, only thirty-seven and a half cents in the dollar, the price it would seem agreed to be paid was fifty cents in the dollar. But, if the purchase was bona fide there was no usury. The notes were not money, but promissory notes, the same as the notes of an individual, and when brought into market may be sold like other commodities, for what they will bring.

The sum of one thousand dollars was named in the note as a penalty, and would have been discharged at any time, on the payment of the five hundred dollars and the interest. The seven hundred dollar note was given, as appears from the plea, on condition that the note previously given should be surrendered. If the first note was given on a fair purchase of the Illinois bank notes, that purchase can not be held to taint with usury the note now in controversy; and in deciding whether it is usurious, we must be governed by the circumstances under which it was executed. If the jury shall believe that it was given as a shift or device, with the view to charge more than the legal rate of

interest, and evade the statute, it was usury. So, in giving the first note, if it was not on a bona fide purchase of the bank notes, but done to evade the statute, and loan money for more than the legal rate of interest, it was usurious, and if the first note was tainted with usury, the objection applies equally to the one which was given in lieu of it.

Verdict for the plaintiff.

## JUGS OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the quantity or number of jugs; e. g. "Jugs of Brandy. See Five Jugs of Brandy."]