*A. Steele* and *H. D. Thompson*, for the appellee.

---

### GALE *v.* GRANNIS and Others.

Bill to foreclose a mortgage. Answer that the consideration was usurious—depreciated notes of a third person having been taken in lieu of cash as a part thereof. The Court below found the contract usurious, and gave a decree for the principal sum only.

*Held*, 1. That had the finding been by a jury, the question might have been concluded; but this Court decides chancery causes on the merits.

2. That usury is mainly matter of intention; and the evidence not showing either that the taking of the notes was made a condition to the loan of money, or that it was resorted to as a device to cover usury, the decree cannot be supported.

May Term,
1857.

GALE
v.
GRANNIS.

Thursday,
May 28.

APPEAL from the *La Grange* Circuit Court.

PERKINS, J.—Bill in chancery to foreclose a mortgage. The defense set up was usury. The trial was under the old practice.

The ground upon which it was claimed that the contract was usurious was, that depreciated notes of a third person were taken in lieu of cash, as a part of the consideration. The Court below found the contract usurious, and gave a decree for the principal sum only. Had this finding been by a jury, it might have concluded the question. But this Court decides chancery causes on the merits (1).

We cannot sustain the decree rendered. Usury is mainly

---

NOTE.—The facts of this case more fully presented, are these: The bill was filed in the Court below to foreclose a mortgage given to secure a note for the sum of 1,400 dollars, with 10 per cent. interest. The note bears date *April* 26, 1838; the mortgage *May* 21, 1841.

But one point is made in the case; it is alleged that the note is usurious.

The special facts set up in the answer are that, in the year 1838, *Grannis*, the maker of the note in question, was in needy circumstances, and that it became necessary to raise money by loan; that *Gale* held a claim in favor of *Gale* and *Williams*, for about 550 dollars against said *Grannis*, and notes against one *Fox* for about 500 dollars; that *Grannis* applied to *Gale* for a loan of money, and that *Gale* then offered to make a loan, if *Grannis* would purchase *Fox's* notes, and secure the amount of the debt due *Gale* and *Williams;* that *Grannis* was compelled to accept the offer, and executed the note and mortgage in question, in pursuance of *Gale's* proposal, and received from *Gale* an amount of cash which, with said claims, amounted to the sum of 1,400 dollars; all of which is alleged by the answer to have taken place at or about the date of the note in question (*April* 14, 1838). *Gale* also agreed to wait a long time for the payment of these several sums.

The evidence, referred to in the opinion of the Court, was, so far as it is material to the case—as follows :

There are but two witnesses in the case who speak of the fact of *Grannis* getting the *Fox* notes of *Gale*, viz., *Ingraham* and *Williams*

*Ingraham* says, "that he heard *Gale* say that he had his claims against *William M. Fox* secured by mortgage, from *Palmer Grannis*, on the mill property below *Lima*, supposed to be the same described in the bill. *Gale* said he had got them secured. Recollects hearing *Gale* laughing on the subject, and say-

May Term,
1857.

GALE
v.
GRANNIS.

matter of intention.    There is nothing in the evidence tending to show that the taking of the notes was made a condition to the loan of money; or was resorted to as a device to cover usury; but one or the other of these facts must appear to make the contract usurious.    Par. Com. L. p. 260.    The notes were upon a man who turned out to be insolvent; but it does not appear that he was so regarded at the time by either of the parties to the transaction, or was notoriously so regarded by the community.    What the effect might have been, had he been so regarded, we need not inquire.    The case made by the record does not seem to be as strong for the defendant as *Taylor* v. *Huff,* 7 Ind. R. 680, and is not sought to be placed upon the ground of unconscionableness mentioned in *Marshall* v. *Billingsly,* 7

ing that *Grannis* might wait for the *Ireland* money now, as he had got through his business.    * * * *    *Gale* told him he had his claims against *Fox* secured through *Grannis* the year before he removed from here."

This conversation is stated to have taken place a short time after the 26th of *April,* 1838, at *Samuel P. Williams's* store, in *Lima.*    *Gale* was conversing with *Williams, Merriman,* and others.

*Williams* says, "that the partnership of *Gale* and *Williams* closed in 1839 ; that *Fox* was then indebted to them by two notes amounting to 123 dollars, and an account, the amount of which he does not recollect ; that *Gale,* at that time, took a large amount of claims due the firm in payment of his interest sold to *Williams,* some at par, some at 10 per cent. discount, and *Fox's* at 20 per cent. discount.    Thinks that *Gale* afterwards told him that he had let *Grannis* have *Fox's* notes and account, and that they were included in notes and mortgage given by *Grannis* to him."    Witness also stated "that *Gale* had loaned money to *Grannis* several times previous to the dissolution of the firm ; that he understood *Gale* that he had turned out the *Fox* notes to *Grannis.*    *Gale* also took a note from him against *Palmer Grannis,* for the amount of 247 dollars and 47 cents, which amount had previously been included in a mortgage given by *Grannis* to *Gale.*"

*Williams* also states, in another deposition, "that the conversation referred to by *Ingraham* with *Gale,* above spoken of by him, did not refer to the notes of *William M. Fox,* referred to in this case, but that *Fox's* matters were the subject of the conversation."

*Simon Cutler* states, "that in *April,* 1838, *Grannis* was endeavoring to obtain a loan of about 1,500 dollars ; that he applied to witness and to *Woodruff.* He wanted it to repair his mill."

There are several other depositions in the record, but they do not establish facts of any importance in the case.    They chiefly refer to the insolvency of *Fox* and the worthlessness of his notes, and the general character of *Gale* for shrewdness, capital, &c.: the fact that *Grannis* was frequently in want of money, &c.

Ind. R. 250, and *Hardesty* v. *Smith*, 3 Ind. R. 39. It is very
similar to the case of *Sizer* v. *Miller*, 1 Hill, (N. Y.) 227,
where the loan for which the note of 12,000 dollars was
taken, consisted of about 4,000 dollars in cash, and 8,000
dollars of depreciated promissory notes; and in which the
Court held that the transaction was not usurious, because
intention to that end was not proved. See, also, *Cohee* v.
*Cooper*, 8 Blackf. 115; *Cross* v. *Hepner*, 7 Ind. R. 359;
*Harvey* v. *Laflin*, 2 Ind. R. 477.

The testimony of a witness, the wife of the mortgagor,
who had joined with him in the mortgage, was rejected;
but no exception was taken at the time, and no question
on its rejection is presented. See, however, as bearing on
the point, *Jack* v. *Russey*, at the last term (2).

This is an old chancery cause; and it has been the inva-
riable rule of the Court to make a final disposition of all
such, on the hearing here, instead of remanding for a new
trial. The parties have respectively made their case, and
put it upon record. We suppose they have made the best
they could. Litigation must sometime cease.

*Per Curiam.*—The decree is reversed with costs. Cause
remanded with instructions to the Court below to enter a
decree for the amount of the mortgage and interest.

*R. Brackenridge*, for the appellant (3).

*J. B. Howe*, for the appellees (4).

(1) See 7 Ind. R. 69.

(2) 8 Ind. R. 180.