MARIPOSA LAND & MINING CO. (DONOHOE v.). See Case No. 3,989.

MARIS (MOTT v.). See Case No. 9,880.

---

## Case No. 9,090.

MARKET BANK OF TROY v. SMITH et al.

[7 Am. Law Reg. 667; 4 Wkly. Law Gaz. 407.]

District Court, D. Wisconsin. March 23, 1858.

USURY—NEW YORK STATUTE AS TO CORPORATIONS—ACCOMMODATION ENDORSERS—EFFECT OF USURY ON CONTRACT.

1. The statute of the state of New York, that no corporation shall interpose the defence of usury, does not extend to suits against accommodation endorsers for corporations.

2. Where the law of a state forbids a corporation taking over a certain amount of interest, is a contract for a greater amount void? If not void, the surplus interest paid should be credited to the debtor, as not collectible.

MILLER, District Judge. This suit is against the defendants as endorsers of a promissory note, of which the following is a copy:

"Office of the Milwaukee & Horicon R. R. Co., Milwaukee, Wis., March 23d, 1858. $20,000. Three months after date for value received, the Milwaukee and Horicon Railroad Company promise to pay to the order of J. B. Smith, Jasper Vliet, Garret Vliet and Daniel H. Richards, with interest, twenty thousand dollars, payable at the American Exchange Bank, in New York; having deposited herewith as collateral security with authority to sell the same on the non-performance of their promise, in such manner as the holder hereof may deem proper, either at public or private sale, and apply the proceeds hereon, sixty of the first mortgage bonds of this company of one thousand dollars each, payable in 1878, with the coupons that fall due November 1, 1857, attached. Milwaukee & Horicon Railroad Company, by J. B. Smith, President.

"Endorsed: J. B. Smith. Jasper Vliet. Garret Vliet. D. H. Richards."

This note was given to the Market Bank in lieu of other notes, amounting in the aggregate to the sum of twenty thousand dollars, that had been previously negotiated at the bank. The negotiation for a loan on those notes to the company was commenced at the instance of the company, through a resident of Milwaukee, who was a relative of the cashier of the bank. By a private agreement, interest at the rate of seven per cent. was paid, and exchange, and also a bonus to the agent, which was divided between the agent and the cashier of the bank. The exchange was charged and paid, at the rate of exchange between Milwaukee and New York, which was much higher than that between Troy and New York. On the giving of the note in suit, the same conditions were contemplated, but they were not carried out. The agent received the collaterals and the bank holds them. The plaintiff is a banking association under the general banking law of the state of New York, located in the city of Troy, where it can do business, and not elsewhere. This was a contract made and executed in the state of New York; and it must be controlled by the laws of that state. By those laws, the rate of interest upon the loan or forbearance of money is seven per cent. And no person or corporation shall directly or indirectly take or receive, in money, or in any other way, any greater sum. And all bonds, bills, notes, assurances, conveyances, and all other contracts or securities whatsoever, (except bottomry and respondentia bonds or contracts,) and all deposits of goods, or other things whatsoever, whereupon or whereby there shall be reserved or taken, or secured, or agreed to be reserved or taken any greater sum or greater value for the loan or forbearance of any money, &c., shall be void; and any person receiving interest in violation of the law, shall be deemed guilty of a misdemeanor, and on

conviction shall be punished by a fine or imprisonment. In April, 1850, an act was passed, that no corporation shall hereafter interpose the defense of usury in any action. [Laws N. Y. 1850, p. 334.] Associations formed under the general banking law of the state of New York, according to decisions of the courts of that state, are not bodies corporate and politic within the spirit and meaning of the constitution of the state; but they are nevertheless corporations for all practical purposes. And they are subject to the general laws of the state regulating the rate of interest. The books of reports of the state contain many cases in favor of and against banks and banking institutions involving the question of usury. The proof shows that the original notes were given to the bank by the railroad company, endorsed by these defendants as payees, on a loan of money by the bank to the company. If the original notes were void for usury, the note in suit is to be considered void. Armstrong v. Toler, 11 Wheat. [24 U. S.] 258; Jackson v. Packard, 6 Wend. 415; Tuthill v. Davis, 20 Johns. 285; Andrews v. Pond, 13 Pet. [38 U. S.] 65; Walker v. Bank of Washington, 3 How. [44 U. S.] 62. If the charge for exchange was a cover for usury, the contract was usurious and void.

In the case of Leavitt v. Curtis, 15 N. Y. 9, it is decided, in effect, that under the act of April, 1850, a corporation cannot set up usury in any way to defeat a contract otherwise valid. And in Southern Life Insurance & Trust Co. v. Packer, 17 N. Y. 51, it is decided that the act applies to foreign corporations litigating in the courts of that state. In the opinion, the court use, in reference to the act, the words "this partial repeal of the usury laws." The act is not to be considered a repeal of those laws, but merely a prohibition of the defense of usury, on the part of corporations. in the courts of the state. It is not intimated in either of the cases. that the act was intended to include accommodation endorsers for corporations. The contract or transaction may be usurious; but that shall not be allowed to be pleaded in the courts of the state by a corporation. Corporations alone are prohibited from interposing the defense of usury. The system of the usury laws of New York, for the protection of individuals makes usurious contracts void; but the contracts of corporations are made an exception, by the act, merely to the extent of their interposing the plea of usury in the courts. The act declares it to be the policy of the state to withhold protection only from corporations. The act does not make contracts of corporations, to give more than seven per cent. interest, valid. It merely withdraws protection from corporations. The usury laws are left in full force against the lender. The note of the railroad company, and the endorsement of the defendant, were but one transaction. The endorsers were essential parties to the transaction. If the act had prohibited the defense on all

contracts of corporations, then the defendants might be included in the prohibition. The defendants are so far parties to the note, as accommodation endorsers, that they may object to its payment for usury. Jones v. Hake, 2 Johns. Cas. 60; Wilkie v. Roosevelt, 3 Johns. Cas. 206; 11 Wend. 329; 8 Paige. 641; 9 Paige, 187; 7 Paige, 602. In the case of Bock v. Lauman, 24 Pa. St. 435, it is decided that a bill of exchange drawn at Buffalo, by the agent of a railroad company, to the order of the president of the company, and endorsed by the defendant, when it was negotiated in New York, on usurious loan, was void as to the endorsers; although by the act of 1850, it should be valid against the company. That is the only adjudicated case on this subject. And, although it is not of equal authority with a decision of the court of appeals of New York upon the construction and force of a statute of that state, yet it is a decision of a highly respectable court, and worthy of favorable consideration. The law of the state of New York in the most positive terms forbids corporations from receiving a greater amount of interest than seven per cent.

It was argued by counsel that, independent of the penalty for usury, the note in suit should be considered void as a contract for a greater amount of interest than a corporation was allowed by law to receive. In the case of Fleckner v. Bank of U. S., 8 Wheat. [21 U. S.] 338, the court say: "The act incorporating the Bank of the United States does not avoid securities, on which usurious interest may have been taken; and the usury laws of the state cannot be set up as a defense to a note, on which it is taken. It is merely a violation of the charter for which a remedy may be applied by the government." But in the subsequent case of Bank of U. S. v. Owens, 2 Pet. [27 U. S.] 527, the court decide that such a contract and loan on the part of the bank are void on general principles. The court remark: "Courts of justice are instituted to carry into effect the laws of a country and they cannot become auxiliary to the violation of these laws. There can be no civil right, where there can be no legal remedy; and there can be no legal remedy for that which is in itself illegal." Such has also been the ruling of the supreme court of Ohio. Bank of Chillicothe v. Swayne, 8 Ohio, 257; Creed v. Commercial Bank of Cincinnati, 11 Ohio, 489; Miami Exporting Co. v. Clark, 13 Ohio, 1. Also in 5 Conn. 560. It is well understood that a corporation created by statute is a mere creature of the law; and can exercise no powers, except those which the law confers upon it, or which are incident to its existence. Head v. Providence Ins. Co., 2 Cranch [6 U. S.] 127; Bank of U. S. v. Dandridge, 12 Wheat. [25 U. S.] 64; Bank of Augusta v. Earle, 13 Pet. [38 U. S.] 587; Perrine v. Chesapeake & D. Canal Co., 9 How. [50 U. S.] 172; Pearce v. Madison & I. R. Co., 21 How. [62 U. S.] 441. Whenever

a corporation makes a contract, it is a contract of the legal entity of the artificial being created by its charter. The only right it can claim are the rights which are given to it in that character. A corporation can make no contracts and do no acts, except such as are authorized by its charter, and those acts must be done by such officers or agents, and in such manner as the charter authorizes. The public have an interest, that banks shall not impose upon the necessities of their customers. Banks are created for the accommodation of the public, and they should not be allowed to assume a power of oppression. It is not the duty of the courts to lend their aid in carrying out contracts of banks, prohibited by their charter, or the laws of their state. Public policy as well as public interest require that usurious contracts, or loans of banks upon an amount of interest forbidden by law, should not be enforced by the courts. But as I have come to the conclusion that these defendants can plead, in their discharge, the law of the state of New York against usury, it is not necessary to consider further this last subject. At all events, the surplus interest paid over the legal rate, should be credited to the debtor, as not collectible.