EZRA L. SHERMAN *et al.*, Appellants, *v.* EDWIN BLACKMAN, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A party who purchases notes at a large discount, of a broker to whom they are made payable, is not affected by usury, if he is ignorant of the fact that they were sold to raise money for the maker.

The allegations of a plea, and the proof to support it, should correspond.

THIS was an action of assumpsit on two notes, dated April 20th, 1858, payable in six months, to E. L. Sherman, or order; by him indorsed in blank, and indorsed by Greenbaums in blank "without recourse;" one for $1,150, and one for $1,250. It is averred in narr. that E. L. Sherman indorsed and delivered the notes to the appellee.

First plea, general issue. Second plea, to first and second counts, usury. That the notes were made and indorsed to raise money for the appellants, and put into the brokers' hands to negotiate for the money. The brokers offered the notes to one Sherwood, who agreed to and did discount the notes at three per cent. per month for six months, of which appellee had notice when he took them. Five other like pleas, varying the averments; but all aver a loaning and borrowing of the money at three per cent. per month discount, with notice to appellee.

Appellee made two answers to each plea: First, that Sherwood did not take and receive the notes, or discount them, as

alleged. Second, that he (appellee) was a *bona fide* buyer for value paid, without notice of usury.

Trial by jury; verdict for $2,600. Motion for a new trial made and overruled. Judgment for plaintiff below, and appeal granted.

On trial, appellee read in evidence, the notes and blank indorsements.

*H. Greenbaum* testified that the notes were sold at their office, in Chicago, a few days after their date, April 20th, 1858 ; don't recollect to whom sold. They were left by Sherman to sell, to take up other notes maturing against the makers. The indorsement of our firm is my brother Elias' writing. We had no interest in the notes ; we were acting as agents for the makers ; don't know that the purchaser knew what the notes were left for, or for what the money was wanted. Don't know that Sherwood bought the notes ; they were sold April 22, 1858, for $2,034, at three per cent. a month for six months ; discount, $366. The discount lacks twelve cents of being three per cent. per month, (the notes having run two days, made more than this). Sherwood bought notes of us, but don't know as he bought those notes. But after looking at a book, stated,—it appears from the book that they were sold to a book-keeper of the Marine Bank ; his name don't appear ; thinks it was Richardson ; am not acquainted with him ; the entry is my brother's. Sherwood was clerk in Burch's Bank. Witness' firm are bill and note brokers, in Chicago, and have been so engaged since 1854, and were in the habit of receiving and selling paper at a usurious discount, as agents for owners. The appellee knew this, for he had bought of us before that time.

Appellants called *Frank P. Sherwood*, who testified that he did not purchase these notes, and never owned them. He received the notes from James Richardson, to sell to appellee, before due ; he told Blackman he had no interest in the notes, was merely agent for Richardson, (who now lives in Montreal ;) he was at the time book-keeper in Marine Bank, Chicago ; don't know where Richardson got them, except what Richardson said to him.

*Elias Greenbaum* testified, that he sold the notes as agent for the makers ; their firm had no interest in the notes ; they were sold to the kook-keeper in Marine Bank, at three per cent. interest per month discounted from the notes, for six months ; the amount paid or received was $2,034, which was more than two and a half from face ; did not know his name.

The court, for appellee, instructed the jury—

1. That in order to let in the defense of usury against

Blackman, it is necessary the defendants (below) should show, by evidence satisfactory to the jury, that the notes were originally discounted, at a usurious rate, to F. P. Sherwood, and that Sherwood knew the notes were not owned by Greenbaums, who were holders of them, and also that Blackman had notice of the usurious discounting by Greenbaums to Sherwood, when he purchased the notes. The jury must find all this from the evidence in the case.

2. That a note given for a usurious consideration, is not void by the statute of Illinois, and the usury, if any, cannot be set up in any suit brought on negotiable paper, by a purchaser who acquired the note before its maturity, without knowledge or notice of its usurious character.

3. That although a note may be discounted at a usurious rate, still that usury is no defense against a subsequent *bona fide* purchaser, unless defendants prove that such purchaser had notice of such usury when he bought.

4. That in order to sustain the defense of usury under the pleadings, on the part of the defendants, the jury must be satisfied, from the evidence, that the notes in question were sold and discounted by Greenbaums, to F. P. Sherwood, in the manner pleaded in some one of the pleas.

5. The mere fact that a note is sold by a bill-broker, and that he sometimes sells notes at a usurious discount, and that such fact is generally known, and known to a purchaser, who sometimes buys notes, is not sufficient of itself to prove in a particular case of a note purchased, that it was purchased at a usurious discount.

To the giving of said instructions the defendants severally excepted.

The appellants then asked the court to instruct the jury as follows:

1. If the jury shall believe, from the evidence, that the notes in question were made and indorsed with a view to obtain money thereon, and the defendants left the notes with bill-brokers to be sold, to raise money without any interest in the notes, and sold them [as averred in the pleas] at a rate of three per cent. interest per month, discounted from the face of the notes, such transaction was usurious, and that these notes came to the hands of the plaintiff with knowledge of the usury, then in that case he is only entitled to recover the sum paid for the notes, with six per cent. interest per annum.

2. If the jury believe, from the evidence, that the notes in question are not indorsed to the plaintiff in this suit, then he cannot recover thereon, and their verdict should be for the defendants.

3.   That usury may be given in evidence under the plea of the general issue, and that if the jury are satisfied, from the proof, that the plaintiff (below) had notice that Greenbaum & Brother sold these notes at a usurious discount, then under that plea in this case, the jury, in their verdict, should deduct the usurious discount, and render a verdict only for the sum of $2,034, paid by the plaintiff for the notes, with six per cent. interest thereon.

The court refused to give them, as asked, but interlined the first instruction, by adding these words—" as averred in the pleas "—and then gave that instruction to the jury; to which several opinions of the court, in refusing to give the instructions as asked, and in giving the one as amended, the defendants then and there severally excepted.

B. S. MORRIS, for Appellants.

MATHER, TAFT & KING for Appellee.

BREESE, J.   We are at a loss to perceive how the defense set up can be sustained, there being no proof that the plaintiff had notice of the usury, and it being shown that he purchased the note before it was due.

The note was payable to Greenbaum Brothers, and they sold it at a discount greater than the rate of interest allowed by law, before it matured, to the plaintiff, and we look in vain for proof, that the plaintiff had any knowledge that the note was left with Greenbaum by the defendants to raise money upon, for their benefit.

The pleas of usury failed on another ground.   They aver that the note was bought by Sherwood and by him sold to the plaintiff, when the fact is, as Sherwood states, that he never bought the notes and never owned them.

On the principle, that the allegations and proofs must correspond, this defense was not made out.   Nor was it sustained under the plea of the general issue.   Knowledge is not brought home to the plaintiff of the usury.   There are no objections which we regard as tenable, to any of the instructions or rulings of the court, and the judgment must be affirmed.

*Judgment affirmed.*