## Otto and another vs. Durege.

A, for the purpose of raising money, made his note payable to the order of B, drawing the highest rate of interest allowed by law, and requested B to sell it for him, and B sold it at a *discount* to C, who "had no knowledge of the origin of the note," and paid the proceeds to A. *Held*, in an action by C against A, that the transaction was not usurious.

If C had known the character of the paper, or if the transaction had been attended by circumstances which should reasonably have aroused his suspicions and put him upon inquiry, the question would have been different.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an action to have a note which had been executed by the plaintiffs, declared void, a judgment which had been rendered thereon in March 1860, in favor of the defendant in this action, vacated, and proceedings under the execution which had been issued upon the judgment, stayed. The court, before which the action was tried without a jury, found the following facts: On the 10th of November, 1859, the plaintiffs in this action executed to the order of one Carl Winkler their note, payable March 1, 1860, for $200 with interest at twelve per cent. per annum until paid, and delivered it to said Winkler with instructions that he should sell it for them. Winkler presented the note on the day of its date to G. Von Deutsch, "who had no knowledge of its origin," and said Von Deutsch purchased it of Winkler, paying therefor the sum of $182.50 of money belonging to the defendant *Durege*, said Von Deutsch being the

agent of said defendant. Winkler thereupon paid to the plaintiff *Otto* $182.50, the proceeds of the sale of said note. Judgment was entered on the note, in said court, in favor of the defendant *Durege* and against the plaintiffs in this action, for $208.60 and costs, on the 19th day of March, 1860, by virtue of a warrant of attorney thereto annexed, and execution was afterwards issued thereon to the defendant *Langworthy*, who was then sheriff of Milwaukee county.

As a conclusion of law the court determined, "that said Winkler, having paid no consideration for said note, could not maintain an action upon the same against the plaintiffs, and that said *Durege* was the first person that paid or parted with any consideration therefor, and he having reserved upon the same a greater sum than legal interest upon the amount of money advanced, for the time the note had to run, the transaction was usurious, and the note void, and the said judgment entered on said note was illegal and void."

Judgment for the plaintiffs.

*Von Deutsch & Winkler*, for appellant, contended, among other things, that the purchase of accommodation paper at a discount greater than the legal rate of interest, is not usurious unless the purchaser has knowledge of the character of the paper. *Whitworth vs. Adams*, 5 Rand., 333 ; *Law vs. Sutherland*, 5 Grat., 358 ; *May vs. Campbell*, 7 Humph., 450 ; *Shackleford vs. Morriss*, 1 J. J. Marsh., 497 ; *Gaul vs. Willis*, 26 Penn. St., 259 ; *Richardson vs. Scobee*, 10 B. Mon., 12 ; *Veazie Bank vs. Paulk*, 40 Me., 109 ; *Belden vs. Lamb*, 17 Conn., 441.

*Butler & Martin*, for respondents :

When a note is made for the purpose of raising money on it, and is not delivered as an evidence of an existing debt but is passed away in the first instance on a usurious contract, it is usurious and void. 4 Mass., 162 ; 4 Duer, 408 ; 5 id. 468; 15 John. 44 ; 16 id., 367; 2 Denio, 62 ; 2 Sandf., 60; 1 Kern., 368 ; 15 John., 355 ; 13 id., 40 ; 17 id., 176 ; 3 Johns. Cases, 66 ; 1 Harr. & Gill, 477 ; 8 Cow., 670 ; 5 Randolph, 243, opinion by CARR. The true test, whether the note has vitality in the hands of the payee, is his right to maintain an action upon it against the maker, assuming

the note to be due.   20 John. R., 228 ; 8 Cow., 670 ; 1 Hill, June Term, 1861. 9; 3 Gill and John., 482 ; 3 Wend., 62.   It makes no dif- ference whether  the note was for the accommodation of the maker  or payee.   *Rich vs. Mather*, 3  Wend., 62.   A note, once tainted with usury, does not become  valid by being transferred *bona fide* to a third person ; and there is no dif- ference between  the party who buys a note already tainted with usury, and the  party who, unknowingly, taints a con- tract with usury himself, by making the first actual loan thereon, although  the  note on its face seems  to have gone through  the  hands of prior parties.   15 John. R., 44 ; 10 Wend., 113 ; 3 Wend., 615 ; 15 John., 354 ; 2 John. Cases, 50 ; 3 id., 66.

Otto et al.
v.
Durege.

*By the Court,* Dixon, C. J.   The questions involved in December 30. this case are  confined to the  conclusions of law upon  the facts found.   The facts are not contested.   The judge found that Von Deutsch, the  agent of the  defendant *Durege*, pur- chased the note in question without  knowledge  of its origin or the purpose for which it  was executed.   The court is of opinion upon these facts, that the transaction was not usuri- ous, and that the  defendant is entitled to recover from  the plaintiffs the principal and interest specified in  the  note.— Upon well settled principles, and avoiding the confusion intro- duced by inconsistent and conflicting  adjudications, our rea- sons are briefly these:  Negotiable paper, like any other prop- erty, may be bought and sold below its real value and for less than its face, without imputation of  usury, although the pur- chaser thereby obtains much more than legal interest for the use of his money.   The penalties and  prohibitions of the statute are aimed at the  receiving or contracting to receive a greater rate of interest than  that prescribed by it upon the *loan* or *forbearance* of money, or other  things, and  do  not apply to the *sale* of a note or any other vendible commodity, which, when in good faith intended as such, may  be sold and transferred for such price as may be  fixed by the agreement of the parties.   The only limitation upon  this principle, if it may  be properly so called, is that made necessary for the purpose of  giving  effect to the spirit and  intent of the law

against usury, by preventing the parties from resorting to the *form* of a sale as a cloak or cover for what is in reality a usurious loan. In such cases the law looks behind the shifts and devices of the parties, and, according to the fact, declares the transaction to be a *loan* and not a *sale*. But in order to do this it must appear that the supposed purchaser had notice, either actual or derivable from the circumstances of the case, of the trick or device resorted to, and therefore consented to it; otherwise he will not be divested of the character and rights of a purchaser. For usury is a matter of intention, and to render a contract usurious both parties must be cognizant of the facts constituting the usury, and have a common purpose of evading the law. 1 Hill, 227; 1 Barb. Ch. R., 44; 9 Ind., 140; 3 Gill & J., 123; 7 id., 44; 1 R. I., 151; 2 Harrison (N. J.), 191; 4 McLean, 360; 1 Dall., 217; 2 id., 92. And the intention on the part of the maker and seller of the note, to commit usury, will not, unless communicated or known to the party intending to make the purchase, supply the want of such intention on his part, or change his relation to the transaction. 2 Munf., 36; 5 Rand., 333; 5 Gratt., 357; 10 Paige, 326; 1 J. J. Marsh., 497; 10 B. Monroe, 12; 26 Penn. St.,259. Having advanced his money in good faith as a purchaser, the law will not permit the secret intentions and motives of the other parties to transform it into a loan; for that would be to make the unlawful purposes of the guilty, instruments for the destruction of the innocent. The law against usury is penal in its nature, and reason and justice dictate that the forfeitures imposed by it ought not to be visited upon those who are innocent of any intentional violation of its provisions. The principle that a note infected with usury is as void in the hands of a subsequent *bona fide* holder, as of a person having full notice, does not affect a case like this. The note in question was not invalid in the hands of Winkler on the ground of usury, but for want of a sufficient consideration. The mere intent to commit usury cannot take the place of the fact, so as to make the parties punishable within the meaning of the law. If Winkler had sold the note for the full amount for which it was given, and paid over the money to the plain-

June Term,
1861.

Waldo
v.
Ch., St. P. &
F. du L. R.
R. Co. et al.

tiff *Otto*, no one would have thought of questioning the transaction on the ground of usury. This proves that there was no usury prior to the sale, and as it cannot, for the reasons above given, be made out from what happened at that time, it follows that the objection is not sustained. If Von Deutsch had known the character of the paper, and that it was made in order to give efficacy to a usurious contract, or if the transaction had been attended by circumstances which should reasonably have aroused his suspicions, and put him upon inquiry, the question would have been different. As it is, the judgment of the circuit court must be reversed, and the cause remanded, with directions that it be dismissed.

Ordered accordingly.