DICKERMAN v. DAY *et al.*

Usury: DISCOUNT OF ACCOMMODATION PAPER. The *bona fide* purchase of an accommodation note, by a person ignorant of the character of the paper, for a less sum than its face, or at a greater rate of discount than legal interest, is not a usurious transaction; and the defense of usury is not available by the maker in an action against him on the note by such holder.

*Appeal from Winneshiek Circuit Court.*

WEDNESDAY, JUNE 7.

THIS action was brought on a promissory note for $500, bearing ten per cent interest, made by defendants to Haislett & Co. or order, August 9, 1867, and transferred to the plaintiff before maturity.

The defendants, in their amended answer, admit the making of the note; aver that they made it for the accommodation of Haislett & Co., and that they, defendants, received no consideration therefor; that the note was sold to plaintiff for $415, which was all he gave therefor; that Haislett & Co. negotiated this note to plaintiff in lieu of and as security for a loan of $300 made by him to Haislett & Bro. in March, 1867, for which they executed to plaintiff a note for $400, payable in four months, with ten per cent interest, and that the same was usurious. To the answer, certain questions to the plaintiff were annexed, which were answered by him as follows:

"*First.* The sum of money loaned to Haislett & Bro., in March, 1867, was $400 in cash.

"*Second.* That a $400 note drawing interest at ten per cent per annum was given him by Haislett & Bro. therefor, and that no other loan was made by him to Haislett & Bro. that spring."

The cause was tried to a jury who returned the following special verdict:

1. Was the note sued on an accommodation note as between the makers and Haislett & Co., the payees therein? Answer—Yes.

2. Was there any consideration for the note sued herein, between Haislett & Co. and the makers? Answer—No.

3. What was the consideration paid by plaintiff therefor? Answer — $415.

4. Was there any consideration for the note sued on, before it was obtained by plaintiff? Answer—No.

5. What amount did plaintiff pay for said note, and of whom did he get it? Answer — $415, and got it of Haislett & Co.

6. Was said note obtained by plaintiff of Haislett & Co., and if so, did plaintiff obtain more than ten per cent on the consideration money paid for it? Answer—1st. Yes. 2d. Yes.

7. What amount is plaintiff entitled to in this action? Answer — $415.

8. Was the note in suit given by Haislett & Co. to secure the debt due plaintiff by Haislett & Co., and for the purpose of discharging S. S. Haislett of the firm of Haislett & Bro. therefrom? Answer—Yes.

9. Was the note in suit given by Haislett & Co. for the purpose of payment of a note then held by plaintiff against Haislett & Bro.? Answer—Yes.

10. At the time plaintiff received the note in question, was Haislett & Bro. indebted to plaintiff upon the note $415 and $25 upon other matters? Answer—No, only $415.

11. Have the defendants in this action ever received any consideration for the execution of the note in suit? Answer—Yes.

12. Had the defendants recovered of Haislett & Bro. in

the name of the plaintiff a judgment for the whole amount of this note ? Answer—No.

13. Has any thing been made upon this judgment, and if so, what amount ? Answer—No testimony conclusive enough to decide from.

14. What is the amount of the note in suit in this case ? Answer — $500.

The plaintiff's motion for a new trial was overruled and the court rendered a judgment for the plaintiff for $415, and for the school fund for $100.30, and against the plaintiff for costs.

*Morse & Brown* and *John J. Clark & Co.* for the appellant.

*L. Bullis* for the appellee.

MILLER, J. — But one question is properly presented by the record, viz. : Was there error in the judgment of the court on the special findings of the jury ? Or, in other words, do the facts found by the jury establish the conclusion that the negotiation of the note for $500, to the plaintiff in payment of the note of Haislett & Bro. on which $415 was then due, was an usurious transaction ?

The facts found by the jury show that Haislett & Bro. had borrowed from the plaintiff the sum of $400 for which they made their promissory note for that amount, bearing a lawful rate of interest.

This note being mature and $415 due thereon the firm of Haislett & Co. (a new firm) paid it off, with the note sued on, being for $500 with ten per cent interest payable one year after date. This last note was made by the defendants as accommodation makers, payable to the order of Haislett & Co., and negotiated by them to the plaintiff, in payment of the old note of Haislett & Bro.

There is no finding to the effect that plaintiff had any

Dickerman v. Day.

knowledge that defendants were accommodation makers, nor do they find that the taking of the note sued on was not a *bona fide* sale of the same, or that this form of transaction was used as a cloak, or that there was in fact any corrupt intention to evade the statute against usury.

"It is quite well settled," says Mr. Parsons in his Treatise on Contracts, vol. 3, 5th ed., p. 143, "that negotiable paper may be sold for less than its face, and the purchaser can recover its whole amount from the maker when it falls due, although he thereby gets much more than legal interest for his money." "The reason on which this rule rests is obvious. For such paper is property; and there is no more reason why one should not sell notes, which he holds, at a price made low either by doubts of the solvency of the maker, or by a stringency in the money market, than why he should not be able to sell his house or his horse at a less price than the average price. But the purchase must be actual and made in good faith, and not merely colorable, and intended to give efficiency to a usurious contract."

The learned *author* says further: "that if the payee lends and the borrower gives his note for legal interest, the lender, having thus acquired the note, may afterward sell it for the most he can get, and it is obvious that the lender takes nothing usurious; and if he loses by the second transaction, and the purchaser gains, it is a loss and gain on a purchase and not on a loan."

There appears to be no conflict in the cases; but it is uniformly held that where a promissory note has been fairly made, and there is no usury between the original parties, so that the payee has acquired a legal right to sue the maker thereon, he may then dispose of it at any rate of discount from its face, and the purchaser will have a right to enforce its full payment against the maker. *Nichols* v. *Fearson*, 7 Pet. 103; *Powell* v. *Waters*, 8 Cow. 685; *Rice* v. *Mather*, 3 Wend. 61; *Cram* v. *Hendricks*, 7 id. 569; *Munn* v. *Commission Co.*, 15 Johns. 43; *Repelye*

v. *Anderson*, 4 Hill, 472; *Holmes* v. *Williams*, 10 Paige, 326; *Holford* v. *Blatchford*, 2 Sandf. Ch. 149; *Churchill* v. *Suter*, 4 Mass. 162; *Lloyd* v. *Keach*, 2 Conn. 175; *French* v. *Grindle*, 15 Me. 163; *Farmer* v. *Sewell*, 16 id. 456; *May* v. *Campbell*, 7 Humph. 450; *Salt Marsh* v. *Planters and Merchants' Bank of Mobile*, 17 Ala. 761.

But, in respect to an accommodation note sold or negotiated at a greater rate of discount than legal interest, the authorities are not uniform; some of the cases holding that the purchaser of such note from the payee, being the first party paying any thing for it, is therefore the first owner, and that, as the payee before the sale of the note had not acquired a legal right to sue the accommodation maker, the purchaser must pay the full face of the note, or the transaction will be usurious. That, as between the maker and the payee, the note is without consideration and void in the hands of the payee, and becomes valid only upon being negotiated to a *bona fide* purchaser, and hence a party who buys an accommodation note before it has been used for any business purpose stands in the same situation, in respect to the defense of usury, as if he were the payee named therein, and this *though he had no knowledge that the note was accommodation paper, and supposing it to be business paper.* The cases holding this view are as follows: *Acley* v. *Rapelye*, 1 Hill, 10; *Holmes* v. *Williams*, 10 Paige, 326; *Jones* v. *Hake*, 2 Johns. Cas. 60; *Wilkie* v. *Rosevelt*, 3 id. 66; *Munn* v. *Com. Co.*, 15 Johns. 44; *Powell* v. *Waters*, 17 id. 176; *Cram* v. *Hendricks*, 7 Wend. 569; *Dowe* v. *Schutt*, 2 Denio, 621; *Dix* v. *Van Wyck*, 2 Hill, 522; *Holford* v. *Blatchford*, 2 Sandf. Ch. 149; *Knights* v. *Putnam*, 3 Pick. 184; *Churchill* v. *Suter*, 4 Mass. 156, 162; *Van Schaack* v. *Stafford*, 12 Pick. 565; *Sauerwein* v. *Bruner*, 1 Har. & Gill. 471; *Metcalf* v. *Watkins*, 1 Porter (Ala.), 57; *Cockley* v. *Forest*, 3 Gill & Johns. 483; *Carlisle* v. *Hill*, 16 Ala. 398; *Williams* v. *Banks*, 11 Md. 198; *Cor-*

Dickerman v. Day.

*coran* v. *Bowers*, 6 Ohio St. 19 ; *Bossange* v. *Ross*, 29 Barb. 576 ; *Sylvester* v. *Swain*, 3 Allen, 134 ; *Whitten* v. *Hayden*, 7 id. 407 ; *Catlin* v. *Gunter*, 11 N. Y. 368 ; *Clark* v. *Sisson*, 22 N. Y. 312.

On the other hand, the courts of many other of the States hold that the defense of usury cannot be set up against the purchaser of an accommodation note, taken at a greater rate of discount than legal interest, unless such purchaser have knowledge of the character of the paper. The cases holding this view are the following : *Otto et al.* v. *Durege*, 14 Wis. 571 ; *Whitworth* v. *Adams*, 5 Rand, 333 ; *Taylor* v. *Bruce*, Gilmer (Va.), 42 ; *Jackson* v. *Fassitt*, 33 Barb. 645 ; *Sherman* v. *Blackman*, 24 Ill. 347 ; *Byrne* v. *Grayson*, 15 La. 457 ; *Smith* v. *Beach*, 3 Day, 368 ; *Middletown Bank* v. *Jerome*, 18 Conn. 488 ; *Humphery* v. *Clark*, 27 id. 381 ; *Gaul* v. *Willis*, 26 Penn. St. 257 ; 4 Am. Law Rev. 5561 ; *Ramsey* v. *Clark*, 4 Humph. 244.

In our opinion, this latter view is the more reasonable and just, and more in harmony with well-settled principles. One of the necessary elements of an usurious contract is a *loan* express or implied. A simple definition of usury is the taking of more interest for the *use of money* than the law allows. 3 Pars. on Cont. 107. " There must, therefore, be the use of money, which may be a loan or by way of the continuance of an existing debt," which is in the nature of a loan. " One may now lend money to another, and so give him the use of it, or he may agree with him that he shall not now repay a sum which has become due, and so permit him to use it." To the one or the other of these classes all contracts for the use of money belongs. Id. See, also, *Burrows & Prettyman* v. *Cook & Sargent*, 17 Iowa, 436.

To constitute the offense of usury, therefore, there must be a contract for the payment of more than lawful interest for the *use of money*. In other words, there must be a

loan in some form or in fact. But in the case of the sale and purchase in good faith of notes or bills, this element of an usurious agreement is wanting, unless there was usury in the inception of the note or bill, in which case its taint affects the indorsee to the same extent as it did the original payee. *Burrows & Prettyman* v. *Cook & Sargent*, 17 Iowa, 436. This is made so by our statute.

Where a promissory note is regularly and in good faith sold as business paper, and taken by the purchaser without any knowledge that it is accommodation paper, being free from usury in its inception, the substance of the transaction is a transfer of the property; a sale, and nothing more than a sale. No money is loaned or borrowed, or forborne in any way whatever, and the price or sum paid, by the purchaser has nothing whatever to do with the question as one of usury. Such a transaction cannot, therefore, be usurious within any accuracy of interpretation.

Again, the law of usury is in its nature penal, and, therefore, to be strictly construed. 3 Pars. on Cont. 146; *Otto et al.* v. *Durege*, 14 Wis. 571. It would be manifestly unjust to so extend the statute by construction as to include innocent parties. As is said by Dixon, C. J., in *Otto* v. *Durege*, "The penalties and prohibitions of the statute are aimed at the receiving, or contracting to receive, a greater rate of interest than that prescribed by it *upon the loan* or forbearance of money or other thing, and do not apply to the sale of a note or any other vendable commodity, which, when in good faith intended as such, may be sold and transferred for such price as may be fixed by the agreement of the parties." "Usury," says the learned judge, "is a matter of intention; and to render a contract usurious both parties must be cognizant of the facts constituting usury, and have a common purpose in evading the law." "The law against usury is penal in its nature, and reason and justice dictate that the forfeiture imposed by it ought not to be visited upon those who are innocent of any in-

tention of violating its provisions." Where the contract is neither a loan nor an extension of time on a debt already due, but a sale of commercial paper without any corrupt or unlawful intent, it would seem to be in conflict with this rule of construction to hold it to be usurious, simply because the paper is an accommodation note.

We unite, therefore, in holding that the defense of usury is not available in an action against the accommodation maker of a promissory note, by a purchaser in good faith from the payee at a greater discount than legal interest, taken without any knowledge of the character of the paper.

The finding of facts in this case does not show that the plaintiff had any knowledge that the note was accommodation paper at the time he purchased the same. It follows, therefore, that the judgment upon the special verdict was erroneous, and must be

Reversed.