Daniel, J.
delivered the opinion of the Court.
The Court is of opinion, that the Judge of the Circuit Court erred in declaring, in the decree of the 17th October 1846, the bond of 1140 dollars, executed on the 3d of July 1837, by Ransome Sutherland to Burwell Law and Stephen Chandler, to have been founded on an usurious and unlawful agreement, and therefore void. The circumstances leading to and attending the execution of the bond, do not, in the opinion of the Court, disclose any understanding between the parties in violation of the laws against usury. It appears that on the 25th June 1837, Sutherland having an urgent demand for money, wherewith to redeem his property from an execution which had been issued, or was about to be issued, in favour of one Pinkard, against him, amounting to about 1800 dollars, and expecting aid from his mother to the extent of one half of said amount, addressed a letter to Burwell Law, making known his situation, and earnestly soliciting the friendly assistance of Law in raising the other half. In his letter, he assured Law that if he and Stephen Chandler would raise the desired amount for him, they should be fully indemnified ; and as a means of raising the money, he suggested that Law and Chandler should mutually execute their notes each to the other, “and have them shaved off (in the *360 language of the letter) at some price or other.” That Law having received the letter and communicated its contents to Chandler, they agreed to comply with its requests. That accordingly, on the first of July 1837, Chandler executed and delivered to Law his two several bonds of that date, one for the sum of 340 dollars, payable on or before the 1st March 1838, and the other for the sum of 125 dollars, payable twelve months after date. And that Lato, on the same day, executed and delivered to Chandler his bond, of the same date, for the sum of 675 dollars, payable on or before the 25th December 1837. That on the same day, (to wit, the 1st July 1837,) Law assigned the bond for 340 dollars to Robert Mitchell, and the bond for 125 dollars to Henry P. White; and that on the 2d July 1837, Chandler assigned the bond for 675 dollars to T. Brown; and that the proceeds resulting from the sale of the bonds, 900 dollars, was paid over to Sutherland, or his order. That in pursuance of his agreement, Sutherland, on the 3d July 1837, executed and delivered to Law and Chandler his bond of that date, payable on or before the 25th December 1837, for the sum of 1140 dollars, that being the exact aggregate of the three bonds of 340 dollars, 125 dollars, and 675 dollars, before mentioned. It does not appear, and indeed it is not alleged, that the assignees, White, Brown and Mitchell, had, either of them, before or at the time of their several purchases of the bonds, any knowledge of their consideration, or any information as to the purposes for which the money was raised. It does not seem to the Court that there is any thing in the history of the transaction, affording proof of usury. There was no lending or borrowing of money by any of the parties. There was clearly no loan, either express or implied, on the part of either of the assignees, White, Brown or Mitchell. The bonds executed by Law and Chandler, it is true, were made solely with the view of raising mo *361 ney from their sale; but this purpose being unknown to the assignees, they cannot be charged with any shift or device to evade the law. They were fair and bona fide assignees; and the bonds in their hands were binding obligations, against the validity of which Laio and Chandler could make no defence. It is equally clear that there was not in fact, nor in contemplation of law, any loan on the part of Law and Chandler to Sutherland. In pursuance of the request of the latter, and his promise to indemnify them, they interchanged their bonds, sold them, and paid over to him the proceeds. If, without taking the bond of Sutherland, they had waited till their own bonds, in the hands of the assignees, had matured, and having discharged them, had brought their action in assumpsit against Sutherland, it is not perceived upon what plea such action could have been defeated. Their action in such case would have been, not for the 900 dollars as so much money loaned to Sutherland, but for the 1140 dollars, the amount of the bonds, it being so much money paid in pursuance of binding obligations, entered into by them for his benefit and at his request. The taking of Sutherland’s bond, to indemnify them, did not alter the nature of the transaction. The bond was given by Sutherland, not to secure to Law and Chandler the return of 900 dollars as a principal sum advanced, with its premium, but to reimburse the amount they had undertaken to pay, and would have to pay, upon their bonds. If Law and Chandler had borrowed the money at usurious interest, and loaned it to Sutherland, upon the same terms, the transaction would have been illegal; and though in such supposed case they contemplated no profit from the transaction, any contract to reimburse them would have been void. But in the case before us, there has been no illegal contract on the part of any of the parties. Law and Sutherland neither made an unlawful loan, nor acted as agents in effecting one. The Court sees no *362 thing in their conduct condemned by the law, or which can justly invalidate the securities made for their indemnity, and is therefore of opinion that the Court below erred in holding that they were entitled in equity, by virtue of said securities, to the sum of 900 dollars, the proceeds of the three bonds, without interest, instead of 1140 dollars, the bond given for their indemnity, with six per cent, interest thereon from the 25th December 1837.
The Court is further of opinion, that the executor of Burioell Law had no right to tack the claims reported in the special statement of the commissioner, and which were not secured by the deeds of trust in the proceedings mentioned, to those that were; and his demand to have them satisfied out of the trust fund was properly rejected. The Court is further of opinion, that the Court below properly applied the whole of the 605 dollars paid by Sutherland, on the 25th January 1840, as a credit to the amount due on the bond for 1140 dollars, instead of devoting any portion thereof to the discharge of the account of 99 dollars 62 cents, the sum of 16 dollars 44 cents, paid Jordain, Robeiison Co.’s execution, and the 130 dollars paid W. A. Street Co. The right to demand either of these items did not arise till after the payment of the 605 dollars; and in the absence of any agreement or understanding between the parties as to the application of such payment, it is fair to presume that it was intended as part satisfaction of the debt then due.
It is insisted here that inasmuch as the administrator of Sutherland, was before the Court, it would at least have been proper to render a decree against him for the three items of 99 dollars 62 cents, 16 dollars 44 cents, and 130 dollars. This Court does not think so. The state of the assets does not appear. The plaintiff in the suit did not call for any settlement of the administration account; and none was made. This Court *363 has, on frequent occasions, expressed its unwillingness to extend the practice of decreeing between co-defendants farther than it has already gone. In the absence of a knowledge as to the true state of the assets, the Court could not properly make any decree affecting them; and as no issue on that head was called for by the plaintiff, it would have been irregular to have directed it at the instance of Law’s executors.
For these reasons the Court is of opinion that the decree adjudging 295 dollars, without interest, (a balance which it seems the Court below arrived at by deducting the payment of 605 dollars from the 900 dollars, the proceeds of the sale of the three bonds before mentioned,) to be the sum due to the executors of Law and Stephen Chandler, is erroneous; the true amount due being the 1140 dollars, with six per cent, interest, subject to a credit of 605 dollars, as of the 25th January 1840, the day on which said last mentioned sum was paid. The Court is further of opinion, that inasmuch as it appears that the whole of the sums due by the three bonds for 125 dollars, 340 dollars and 605 dollars, was paid by Law, the decree for the balance due on the bond of 1140 dollars, should have been in favour of his executors alone, and not in favour of them and Chandler jointly.
The decree is therefore reversed with costs, and the cause is remanded, for further proceedings to be had in accordance with the principles above declared.
Brooke, J. was of opinion that the bond was usurious. On the other points he concurred in the opinion of the Court.