# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GREEN & MILLER v. BRENGLE.

### MAY 10th, 1888.

Absent, Richardson, J.

1. JUDGMENT—*Payment—Reversal.*—Where a decree is collected, the money paid to plaintiff's attorneys and disposed of as he directs, after reversal action will not lie against the attorneys to recover the money paid by a defendant that did not appeal, because of want of privity between him and them. *Bank of U. S.* v. *Bank of W.*, 6 Peters, 8.
2. IDEM—*Debtor's remedy.*—Remedy of defendant paying the decree was by motion, rule, or petition in the suit wherein the decree was rendered, to compel the creditor to refund. *Fleming* v. *Riddick*, 5 Gratt., 272.

Error to judgment of corporation court of Danville, rendered April 21st, 1887, in an action of assumpsit wherein Wm. D. Brengle was plaintiff, and Green & Miller, attorneys-at-law, were defendants. The demurrer to the declaration was overruled. The verdict was for plaintiff. The court overruled defendant's motion to set aside the verdict and entered judgment on the verdict. The defendants excepted and the evidence being certified, they brought the case here by writ of error and *supersedeas*. Opinion states the case.

*Christian & Christian* and *W. W. & B. T. Crump*, for the plaintiffs in error.

*Williams & Bro.*, for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

The record presents, for review by this court, the following case: The chancery cause of G. T. Griggs, administrator for, &c., against Hairston's legatees, &c., was removed from the circuit court of Henry county to the corporation court of Danville in March, 1881. The complainant in that suit, G. T. Griggs, administrator, &c., was represented in all proceedings in said suit in the corporation court of Danville and in the supreme court of appeals by Green & Miller, under a contract that he, Griggs, administrator, for, &c., would pay to them, for their services, liberal fees out of the first moneys recovered and collected in that suit.

The appellee, W. D. Brengle, with others, defendants in that suit, filed his answer to the bill, and resisted the entry of any decree, in May, 1881. There was, however, a decree in May, 1881, against the defendants for sundry sums,.amounting in all, principal and interest, to more than $12,000, of which more than $10,000 was against solvent defendants.

At the June term, 1881, of the said corporation court of Danville, W. D. Brengle and others, defendants, filed their petition for rehearing and annulling the said decree of May, 1881; which said petition was dismissed June 22d, 1881, and on the same day, at the instance of W. D. Brengle and others, the suspension of the execution of the said decree of May, 1881, was extended to W. D. Brengle "for the period of thirty days from this date;" but no appeal was then, or at any time thereafter, ever taken by said Brengle.

On the 18th of August, 1881, after the said period of thirty days had long passed, an execution was issued against the said W. D. Brengle and wife and William Martin, under the said decree of May, 1881, and placed in the hands of the sheriff of Henry county, which was, by the said sheriff, levied on the property of the said W. D. Brengle October 1, 1881. On or about 26th October, 1881, said W. D. Brengle offered to com-

promise his liability under the said decree of May, 1881; which said offer, being rejected by Green & Miller, attorneys for the complainant, for and in behalf of their client, the said W. D. Brengle paid to the sheriff of Henry county the amount of the said execution November 9th, 1881. The sheriff, after deducting commissions, etc., paid the residue, $717 05, to Green & Miller, attorneys for the complainant, G. T. Griggs, administrator, &c.; and nothing further was heard from said Brengle, until some time in 1886. After the collection of the said sum of $717 05, under the said decree of May, 1881, in favor of G. T. Griggs, the complainant in the said chancery cause of G. T. Griggs, administrator, &c., against Hairston's legatees, &c., Green & Miller, attorneys for the said complainant, G. T. Griggs, administrator, &c., were expressly instructed by him, their said client, to pay the costs of the said chancery suit, and their own fees as his attorneys, out of the collection then in hand; and to hold the residue thereof, with other anticipated collections under the said decree of May, 1881, until the court could distribute the same among the claimants represented by G. T. Griggs, administrator, etc.; and, accordingly, they, the said Green & Miller, did so apply said collection, leaving a balance of $101 70 in their hands to the credit of their said client, as of 10th of February, 1886, subject to costs thereafter to be paid, $4 25, March, 1886, and $12, August, 1886, leaving a final net balance to the credit of their client of $85 45.

On the 21st July, 1882, an appeal was allowed by this court to Fleming Saunders, from the said decree of May, 1881, "but not to affect the operation and effect of the decrees appealed from, so far as they relate to other parties held liable by said decrees"; and on this appeal, the decree of May, 1881, was reversed by this court March 11th, 1886, not only as to F. Saunders, who appealed, but as to all the defendants affected by the said decree of May, 1881. In December, 1886, W. D. Brengle instituted this action of *assumpsit* against Green &

Miller, to recover from them the said sum of $717 05, with interest thereon from 26th November, 1881, which he had paid to the sheriff of Henry county, under execution as aforesaid, in November, 1881.

Green & Miller demurred to the declaration, and filed several pleas, and upon these issues were joined; and neither party desiring a jury, the court overruled the demurrer to the declaration, and rendered judgment against Green & Miller, defendants, for the sum of $717 05, with interest thereon from 26th of November, 1881. Green & Miller moved the court to set aside its said judgment as being contrary to the law and evidence, and to grant them a new trial; which motion the court overruled, and entered up its judgment.

We are of opinion that the demurrer to the declaration ought to have been sustained. The remedy of W. D. Brengle, if any he had, was by motion or rule, or petition in the chancery suit of *Grigg's Administrator* v. *Hairston's Legatees*, in the corporation court of Danville, against the complainant, Griggs' administrator, &c., in that suit to compel *him* to refund; in order that said complainant might show, if he could, that the money was actually due to him by Brengle, and therefore that there should be no restitution. (*Fleming* v. *Riddick*, 5 Gratt., 362; *Gregory* v. *Litsey*, 48 Amer. Dec., 415, and note; *Kirlan* v. *Brown*, 40 Amer. Dec., 635). The money was received by Green & Miller, attorneys, as the property of their client, and there was no *privity* between W. D. Brengle and them to support the action of *assumpsit*. 1 Chitt. P., 354 and note I; *Tyre* v. *Lockwood*, 4 Cowen, 454; *Bank of the U. S.* v. *Bank of Washington*, 6 Peters, 8. And even if the action was maintainable, the judgment against Green & Miller should only have been for the amount in their hands to the credit of their client at the time of Brengle's demand for restitution, to-wit, the sum of $85 45, with interest from the date of that demand. The money received by them under execution was the property of their client, under due process of law from a court of compe-

tent jurisdiction, and his title to the same was complete, perfect, and *unquestioned.* They received it as his, and disposed of it as he directed, as they had the lawful right to do. Indeed, it appears from the record, that the greater part of the said money so collected by them under execution, in furtherance of the decree of May, 1881, in November, 1881, was applied by them as directed by their client, as early as May 26th, 1882, before anybody had appealed from the decree of May, 1881, as only Saunders ever did. Prior to the reversal of the said decree of May, 1881, in favor of Saunders in 1886, the said Green & Miller never had any notice or intimation from W. D. Brengle, or any one for him, that he would contest the said decree of May, 1881, and no demand was ever made upon them by Brengle to refund until after the said reversal in 1886, and after the money had been applied under direction of their client to the payment of fees and costs of suit. Brengle paid the execution in 1881, and acquiesced in the decree of May, 1881, until the said decree was reversed, long years after he, Brengle, could have appealed. In *Langley* v. *Warner*, 3 N. Y., 327, it is said: "Where a judgment is collected and the money is paid over by the officer holding the execution, to the attorney who prosecuted the suit, an action will not lie, after a reversal of the judgment against the attorney to recover back the money, although by an agreement between him and his client he retains the money in payment of a debt due from the latter to him." "That a party in whose favor a judgment is recovered, has, until the judgment is reversed, a perfect title to the money collected on the execution, notwithstanding *the pendency of a writ of error*, or *certiorari;* and if he pays the money to his creditor, the latter acquires a complete right to hold it, although a reversal afterwards takes place." In this case, as we have seen, money was paid by Brengle in 1881, under execution of a decree of May, 1881, which he never appealed from, and said money was paid and applied by the appellants, Green & Miller, as directed by their client in 1882;

and Brengle never made demand upon Green & Miller, or their client, until after the reversal of the decree of May, 1881, in December, 1886.

Both upon the law and the facts of this case, as disclosed in the record, the suit ought to have been dismissed in the court below, and this court will so order.    The judgment complained of is erroneous, and must be reversed and annulled.

JUDGMENT REVERSED.