## BOSSANGE *vs.* ROSS and FITZGERALD.

Where accommodation paper is bought *bona fide* for a gross sum, which sum, on calculation, gives more than seven per cent, the transaction is usurious, and no recovery can be had against the parties to the note, for the amount actually paid, with lawful interest ; if there has been no fraud or false representation, by certificate or otherwise, to mislead the purchaser.

*It seems* there is no real distinction—so far as usury in its civil aspect is concerned—between buying and discounting ; the policy of the statute being equally defeated by the one as by the other.

THIS was an action brought by Bossange against Charles Ross and Elisha Fitzgerald, the appellants, and one Isaac Detheridge, who made no defense, to recover the amount of a promissory note, signed by Charles Ross, payable to Elisha Fitzgerald, and indorsed by him and also by Isaac Detheridge. The note was made by Ross and indorsed by Fitzgerald for the accommodation of Isaac Detheridge. The note was for $650, for three months, and representing value received. About two weeks after its date, Detheridge sold the same to the plaintiff for $600. He made no disclosure as to the consideration of the note, or that it was an accommodation note. The appellants set up usury as a defense. The judge instructed the jury, that if the note was *bona fide* sold by Detheridge to the

plaintiff, and by the plaintiff purchased, he could recover the amount he had paid and interest, even though it was an accommodation note. The jury found for the plaintiff for $600 and interest; and to this part of the charge the appellants excepted, and upon a hearing at the special term, Mr. Justice Roosevelt pro forma sustained the ruling of the judge at circuit. From the judgment so entered at the special term the defendants appealed.

*Carpentier & Beach,* for the appellants.

*Gus. J. Thebaud,* for the respondent.

*By the Court,* ROOSEVELT, J. The note sued on, although purporting as usual, on its face, to be for value received, was in fact accommodation paper. And the question is, if such paper be bought *bona fide* for a gross sum, but which sum on calculation gives, and is known to give, more than seven per cent, can a recovery be had for the amount actually paid, with lawful interest, as against all the parties to the note, where there has been no fraud or false representation, by certificate or otherwise ?

On the trial the counsel for the defendants "excepted to that portion of the charge of the judge, in which he stated that if the plaintiff bought the note in question for $600, (its face being $650,) even though it was an accommodation note, he could recover from the drawer or indorser the amount actually paid, with interest."

In determining the correctness of this portion of the charge, it must be borne in mind that the judge also told the jury, that " if they came to the conclusion that Bossange discounted the note under an agreement to discount the same at a usurious rate of interest, then he could not recover." The verdict, therefore, must be construed as a finding that the transaction was a purchase and not a discount, if there be in truth any real distinction between the two ; and that the pur-

chase was not "a mere cover" for a usurious loan, but a *bona fide* contract of buying and selling, although at a rate which, treated as interest, would yield more than seven per cent for the use of the money.

Is there then any real distinction—so far as usury in its civil aspect is concerned—between buying and discounting? Is not the policy of the statute equally defeated by the one as by the other? It seems to us that it is. With the wisdom of that policy the courts have nothing to do. It is for them to enforce it, wise or unwise; unless the enforcement, as in the case of certificates, or oral representations of commercial paper, conflicts with another rule of law not yet repealed, that a man shall not allege, by way of defense, that he himself has been guilty of a falsehood, and is entitled to be rewarded for the offense.

The case of certificates or representations is an exceptional one, and of comparatively recent origin. And even this exception, the adoption of which admits the general rule to be otherwise, although sanctioned by several decisions, has never yet been finally established in the court of last resort. The general rule, just or unjust, that the purchaser of accommodation paper, without such certificate or representation, at a higher rate than seven per cent, takes it at his peril, is too well established to be now disputed. (*Hall* v. *Wilson,* 16 *Barb.* 548.)

In the present case it is not pretended that the maker and first indorser, who resist the claim, received any consideration or made any representation, written or verbal, to mislead the plaintiff. When sold, the note was not a subsisting security in the hands of the seller. Had it been then overdue, as there was no consideration, *he* could have maintained no suit upon it. To warrant a sale at a discount greater than seven per cent, the note at the time "must be perfect and available to the holder." (*Powell* v. *Waters,* 8 *Cowen,* 669.) When that is not the case, the transaction, although called a sale, is merely a contract that if A. will advance B. a certain sum of money, B., C. and D., parties to the note, will, at the end of

so many days, repay a larger sum ; such larger sum when paid yielding more than seven per cent for the use of the money for the time specified. Such a contract is clearly usurious.

Judgment reversed and new trial ordered ; costs to abide the event.

[NEW YORK GENERAL TERM, May 2, 1859. *Roosevelt, Ingraham* and *Pratt,* Justices.]