BENJAMIN F. SWEET, RESPONDENT, *v.* GEORGE CHAP-MAN, IMPLEADED WITH REUBEN J. GREEN, APPELLANT.

*Usury — promissory note, inception of — Consideration.*

A promissory note to be the subject of sale must be an existing valid note in the hand of the payee, and be given for some actual consideration, so that it can be enforced between the original parties, and if not valid in the hands of the payee it cannot be rendered valid by a sale to a *bona fide* purchaser at a rate of interest exceeding seven per cent. The question of the inception of a note and the time when it took place, is a question of fact, and when the evidence is conflicting should be submitted to the jury.

APPEAL by defendant Chapman from a judgment entered in favor of plaintiff upon a verdict directed by the court at the Onondaga Circuit, held in January, 1874.

*R. H. Tyler,* for the appellant.

*Randall & Randall,* for the respondent.

NOXON, J.:

The action in this case was upon a promissory note. The answer of the defendant Chapman denies the delivery of the note to Green, the payee, and interposes the defense of usury. It appeared on the trial that the defendant Green was the agent of a life insurance company, and that, on the 20th September, 1872, he solicited the defendant Chapman to take a policy of insurance of $5,000 in the company; and that they agreed upon terms, provided the defendant Chapman passed the examination of the doctor of the company; and, for final payment of premium, the said Chapman was to give his note for $130.63 at nine months That thereupon (according to the evidence of Chapman), he signed the note in suit for the said sum of $130.63, payable nine months after date, with interest, to the defendant Green or bearer, and dated the said note 20th September, 1872; and that he let the defendant Green take the note with the express understanding that it was to be of no effect, and not be binding upon him until he passed the doctor and received the policy of insurance from the company. When that was done he was to be bound by the note, and not before. The defendant Green, a witness for the plaintiff, states that the note was delivered to him upon the condition that when Chapman passed the doctor the note was to take effect; and that nothing was said about the note not taking effect until he got his policy. Chapman states the policy was to be delivered to him, or sent to him by mail to Hinmansville; that he had never received the policy, and had often inquired for it at the post-office at Hinmansville. Green states that he was to deliver the policy to Chapman, or have it sent to Doctor Rice for Chapman, Rice being the medical examiner for the company. Chapman was examined by Rice on the 28th September, 1872, the examination was satisfactory, and the examiner passed him, and so certified to the company. In October, 1872, the plaintiff purchased the note in suit of the defendant Green, and paid him therefor, in cash, the full face of the note, at a discount of ten per cent. That when he purchased he knew nothing of the circumstances under which Green received it, or of any arrangement or agreement made between the defendants in relation to the note, and supposed it was a good and valid note. At the close

of the testimony, the counsel for Chapman insisted that the evi-
dence showed that the note had no vitality or inception until it
was passed to plaintiff; and, as plaintiff purchased it at ten per
cent discount, and the conditions upon which the note was handed
to Green never having been performed, the note was usurious
and void in the hands of the plaintiff, and requested the court
to submit the question to the jury. The court decided that, as
the plaintiff had purchased the note before it became due, without
any knowledge of the circumstances under which it was obtained
from defendant Chapman, and paid a *bona fide* consideration there-
for, it was a valid note in his hands, and not obnoxious to the
defense of usury, and refused to submit the case to the jury, to
which ruling and decision and refusal the counsel for defendant
Chapman excepted. Under the direction of the court, the jury
found a verdict for the plaintiff for the amount of the note, with
interest.

The rule is well settled, that if the plaintiff, under the circum-
stances of this case, had paid the full amount of the note in ques-
tion to Green, he would have been a *bona fide* purchaser, and as
such protected against the agreement claimed by Chapman to have
been made with Green.

The important question in the case is, as to the time the note
had an inception. If it had an inception at the time it was deliv-
ered to Green, or at the time Chapman passed the examination of
the medical examiner, and before the sale was made to the plain-
tiff, then the ruling and decision of the court was correct. If,
however, it had no inception, and had no existence as a note until
the sale to and purchase by the plaintiff, then the note, upon such
purchase, became void in the hands of the plaintiff for usury. The
question of inception, and as to the time it took place was a ques-
tion of fact, upon which the evidence was conflicting. That ques-
tion of fact was one which should have been submitted to the
jury. It was the vital point in the case, and it was error in the
court to refuse to submit the same, and the exception to the ruling
was well taken. The decision upon the question of law, that
because plaintiff purchased the note before due, without knowl-
edge of the circumstances under which it was obtained from Chap-
man, and paid a *bona fide* consideration therefor, it was a valid

note in plaintiff's hands and not obnoxious to the defense of usury, is erroneous. The error consisted in overlooking the fact of inception. It is true, if a note is executed and delivered by the maker to the payee in payment of a debt, and stolen from the payee and then sold to an innocent purchaser, such note in the hands of the purchaser would not be subject to the defense of usury; and the ruling and decision of the court would not in such case be erroneous. On the contrary, if, as in the case of *Hall* v. *Wilson* (16 Barb., 548), the note is stolen, prior to a delivery by the maker to some person as evidence of a subsisting debt, and then sold, the note takes its legal inception at the time of sale, and is subject to the defense of usury if it is transferred at a discount greater than that allowed by law. The note in question was handed to Green by the maker, and as between the parties conditions could be imposed that it should have no vitality until the condition had been performed. (*Benton* v. *Martin*, 52 N. Y., 574, 575; *Lovett* v. *Adams*, 3 Wend., 381.)

The rule appears to be settled, that a promissory note to be the subject of sale, must be an existing valid note in the hands of the payee, and given for some actual consideration, so that it can be enforced between the original parties; and if not valid in the hands of the payee, cannot be rendered valid by a sale to a *bona fide* purchaser at a rate of interest exceeding seven per cent. (*Hall* v. *Wilson*, 16 Barb., 548; *Hall* v. *Earnest*, 36 id., 588, and cases cited; *Rapelye* v. *Anderson*, 4 Hill, 483; *Bossange* v. *Ross*, 29 Barb., 576; *Clark* v. *Sisson*, 22 N. Y., 316; *Catlin* v. *Gunter*, 11 id., 368.) The cases cited by the respondent in 56 New York, 137 (*Chapman* v. *Rose*), 57 New York, 253 (*Colson* v. *Arnot*), do not affect the question in this case. After the argument of this cause, the attention of this court was called to a copy of the opinion, in manuscript, of the case of *Eastman* v. *Shaw* (argued in the Commission of Appeals in May, 1875, and not yet reported). One of the important questions in that case arose as to the time of inception of the promissory note given in that case, which had been sold before maturity for thirty-five dollars less than the amount due and payable, by the terms of the note, to a party wholly ignorant of the circumstances attending the making, consideration and delivery of the note. The

defense interposed was usury, and the defendant claimed that the facts as to the delivery of the note and the intent to deliver should be submitted to the jury; and the court having charged, as matter of law, that the plaintiff could recover, the court held that the decision of the General Term, granting a new trial, was correct, and affirmed the judgment. Upon the authority of that case and cases therein cited, and upon the authorities herein referred to, the judgment is reversed and a new trial granted, costs to abide the event.

MULLIN, P. J., and SMITH, J., concurred.

Judgment reversed; new trial granted, costs to abide event.