## PHIPPS v. PENN.

Practice: FAILURE TO EXCEPT.   A decision of the District Court upon a demurrer, will not be reviewed unless exceptions were taken thereto by the party complaining.    Whether an exception to a decree in a chancery cause is necessary in order to have it reviewed on appeal, *quere.*

*Appeal from Hardin District Court.*

FRIDAY, JULY 12.

EXCEPTIONS, WHEN NECESSARY. — For facts, see opinion. Defendant appeals.

*E. W. Eastman* for the appellant.

*Boardman & Brown* for the appellee.

DILLON, J. — Ejectment by landlord against tenant, whose lease, it was alleged in the petition, had expired. Defendant pleaded an *equitable answer,* averring that, at the time the written lease was made, the plaintiff made with him a parol contract, by which defendant was to have the election to buy the demised land at a certain price within a certain time; that within the time, defendant elected to buy it, had notified plaintiff, offered to perform, which plaintiff refused, etc.    The answer prayed that plaintiff might be decreed specifically to execute said verbal contract for the sale of the farm.    The court sustained

a demurrer thereto on the ground that the alleged contract was within the statute of frauds; and it is this ruling which the defendant now insists was erroneous. After the demurrer was sustained, the court tried the ejectment action, and plaintiff recovered.

Plaintiff claims that the defendant cannot have the ruling of the court on the demurrer to the equitable

answer reviewed in this court, because he did not except to the decision of the court sustaining the demurrer. In point of fact the record fails to show any exception to any ruling of the court. In our opinion, an exception was necessary if the defendant wished to have reviewed the ruling of the District Court on the demurrer. The fact that the answer demurred to was equitable, in its nature, does not dispense with the necessity of an exception.

Prior to the Revision, it was generally understood that no exception in a chancery cause to the final decree was necessary to enable the unsuccessful party to have it reviewed on appeal.

Whether this would be the rule under the Revision, we need not now discuss. We may, however, properly remark that, in view of the changes made by the Revision. it is much the safer way to take an exception to the final decision of an equity cause, even when tried by the first method.

Affirmed.