WOLF v. SMITH *et al.*

1. **Practice:** WAIVER OF EXCEPTIONS. An agreement by the attorneys in case that it may be decided in vacation and judgment entered as of the previous term saving to either party the right to appeal, stands in lieu of an exception to the decree, and obviates the necessity of one.

2. **Equity:** MARSHALING OF ASSETS. While the rule is recognized that a creditor having two funds will be compelled to resort to that upon which another creditor has no lien, yet this rule will not be applied except when it can be done without injustice to the creditor.

3. —— APPLICATION OF THE RULE. It was accordingly *held*, that a creditor holding a mortgage on real estate, and also certain promissory notes as collateral, could not be required by a junior judgment creditor having a lien on the real estate, to first prosecute suits on the notes before he could be allowed to foreclose his mortgage upon and sell the real estate.

4. **Mortgage:** RELEASE OF PORTION. When a mortgagee of several parcels releases one he will be held to junior incumbrancers for its proportionate value.

*Appeal from Dallas District Court.*

TUESDAY, JUNE 4.

ACTION upon a promissory note for $10,000, executed by William Smith, C. Rodenbach, H. P. Hill, J. H. Strong, F. S. Graham, N. B. Nichols, E. Goughnor and H. H. Moffit, to J. R. Van Meter, who indorsed the note in blank. The petition also asks the foreclosure of a mortgage executed by F. S. Graham and Isabel, his wife, for the security of the same.

The makers of the note, except F. S. Graham, pleaded that they were mere sureties upon the note, and that they had been discharged from liability in consequence of the plaintiff releasing certain of the mortgaged property. The court rendered judgment for the amount due on the note, against F. S. Graham alone. Of this, plaintiff does not complain, and no question is made as to the liability of these other parties. The defendant Isabel Graham pleaded that the note was usurious; that a portion of the mortgaged premises was her

homestead; that plaintiff had released of the mortgaged property enough to pay the debt, and that her homestead was in consequence discharged. She also claims that certain notes were assigned to plaintiff as collateral security, and that they should be exhausted before resort is had to the homestead.

The defendants S. S. Harmon and N. G. Long allege that since the execution of the mortgage to plaintiff they acquired judgments against F. S. Graham, which became a lien on a part of the property included in said mortgage, and that subsequently plaintiff, for the consideration of $7,000, released other portions of said mortgaged premises, sufficient to satisfy plaintiff's demand, and they ask that their judgment liens may be decreed to be superior to the lien of the mortgage.

The defendant S. S. Ethridge, the assignee in bankruptcy of F. S. Graham, alleges that the note is usurious, and that the only consideration therefor was $8,600.

The court rendered judgment against F. S. Graham for $4,803.75, and dismissed the petition for the foreclosure of the mortgage. Plaintiff appeals.

*Barcroft, Gatch & Hammond* for the appellant.

*Reed & James* for Isabel Graham.

*Willard & North* for N. G. Long.

DAY, J.—I. Counsel for the appellee Long make the point that the appeal cannot be heard, because no exception was taken, in the court below, to the decree. This question lies upon the threshold, and must first be considered.

1. PRACTICE: waiver of exceptions.

Whether it is necessary to except to the final decree in a chancery cause we need not now determine. As to a doubt upon this question see *Phipps* v. *Penn*, 23 Iowa, 30. The cause was pending in the Dallas district court. The attorneys of the respective parties agreed that the cause should be transferred for trial to the Polk district court, and that the decree

ordered by the judge should be entered in the Dallas district court as of the then pending term, and that either party should have the right to appeal within the time fixed for appeals. This was in effect an agreement for the determination of the cause in vacation, the decree to be entered as of the preceding term, saving to either party the right to appeal. Pursuant to this agreement the cause was tried and the decree entered.

Neither party had any opportunity of knowing when the decree would be entered, or of being present to note an exception. The agreement that either party should have the right to appeal within the time limited by law, stood in lieu of an exception, under the circumstances, and obviated the necessity for it, if such necessity would otherwise have existed.

II. The plea of usury in the note is not sustained. The note was executed by the makers and indorsed by the payee, for the purpose of raising money thereon by way of loan.

Graham sold it and two other notes respectively of the amount of $1,000, and $400, to the plaintiff for $10,000, who bought it in good faith, without any knowledge of the circumstances under which it was executed. See *Dickerman* v. *Day*, 31 Iowa, 444.

It is claimed that the notes for $1,000 and $400 were executed for the usurious interest on the $10,000 note, but this claim the proof does not sustain.

III. At the time of the sale of the note to plaintiff, and as collateral security therefor, Graham left with Wolf nine promissory notes, executed by six different parties, and varying in amount from $150 to $400, and amounting in all, with accrued interest, to $3,043.34.

2. EQUITY: marshaling of assets.

On behalf of Long it is claimed that he is entitled to have these collaterals exhausted, before resort can be had to the mortgaged property for the payment of any portion of appellant's claim.

The doctrine is elementary that if a creditor has two funds to which he may resort for the discharge of his debts, he shall

take his satisfaction out of that fund, upon which another creditor has no lien. 1 Story's Equity Jurisprudence, § 559, and cases cited. But this rule is subject to an important qualification : "It is never applied, except where it can be done without injustice to the creditor." Id., §§ 560 and 633, and cases cited.

Now it seems clear to us that plaintiff could not be required to resort to these collaterals without great prejudice to his interests and an undue control of his remedies. A very small portion of the sum represented by these notes was due at the commencement of the foreclosure suit. It does not appear that the makers are responsible. If the plaintiff should be compelled to proceed against them he would be involved in a multiplicity of suits, and in the end he would have only general judgments, and no specific liens. He is not in the condition of a mortgagee having two mortgages furnishing equal security, and to either of which he may resort without detriment or injury.

IV. After the commencement of the foreclosure suit, F. S. Graham, the mortgagor, sold a portion of the mortgaged premises to one Shively, who paid $7,000 of the consideration thereof to Wolf, and he credited the same upon his demand, and released the premises, so sold, from further liability under the mortgage.

4. MORTGAGE: release of portion.

This was done with the consent of F. S. Graham, but without the knowledge or consent of Isabel Graham. It is admitted that a portion of the mortgaged premises were, at the date of the mortgage, and now are, the homestead of said Isabel. She claims that the release of the premises sold to Shively has discharged her homestead from liability. It is clear that the homestead could not be rendered liable, except for the amount remaining unpaid after exhausting the other mortgaged property. Isabel Graham, therefore, has a right to insist that these premises, sold to Shively, and termed in the abstract the Shively farm, shall be applied in good faith and to the best advantage to the discharge of the debt. If it had been foreclosed, and sold at sheriff's sale, it might lawfully

have been disposed of for two-thirds the appraised value. But it might have sold for the entire value. As a sheriff's sale has been rendered impossible by the disposition of the property at private sale, the most, we think, that can be claimed for Isabel Graham is, that the property at such sale shall have realized its full value. If the property has been so sold, she is in as good condition, and probably in better, than if the sale had been made by the sheriff under execution. At the time of the sale of this property, there was a lien on it prior to the Wolf mortgage, of $2,500. Shively assumed or discharged this incumbrance, and paid toward the satisfaction of the Wolf claim, $7,000.

The property thus sold for $9,500, and this, we think, from a fair consideration of the testimony, was its full value. Isabel Graham, therefore, has sustained no injury in consequence of this private sale, but on the contrary she has probably been benefited by it, and she has no just ground of complaint.

The plaintiff is entitled to a foreclosure of his mortgage.

                                                            Reversed.