Dicken v. Morgan.

## DICKEN v. MORGAN.

1. **Practice:** EXCEPTION TO DECREE IN EQUITY: TRIAL DE NOVO. In equitable actions triable anew upon appeal, it is not necessary to take an exception to a decree in order to entitle a party to a trial *de novo* in this court.

2. **Contract:** SALE OF LAND: PARTIAL FAILURE OF CONSIDERATION. Where plaintiff sold land to the defendant, and for $100 of the consideration agreed to procure the establishment of a highway along one side of the land, which he failed to do, *held*, in an action to recover a balance of the purchase-money of the defendant, that he could not recover the $100.

3. **Highway:** ESTABLISHMENT OF: IRREGULARITY: RES ADJUDICATA. Where plaintiff agreed to procure for defendant the establishment of a highway, but in the proceedings there was a slight irregularity, and afterwards, in an action against the road supervisor, there was a trial involving the validity of the road, and the opening of the same was perpetually enjoined, *held* that this must be regarded as an adjudication binding upon the public, and all persons interested including the plaintiff, that no road was legally established. ADAMS, J., *dissenting*.

*Appeal from Ringgold District Court.*

WEDNESDAY, JULY 12.

ACTION to foreclose a mortgage. The defendant for answer avers a partial failure of consideration. The undisputed

facts are that the defendant purchased of the plaintiff eighty acres of land; that he paid two hundred dollars in cash and gave his notes for $900, and a mortgage upon the land to secure them; that he paid the full amount except one note for two hundred dollars. The defendant claims that the price of the land was $1,000; that the plaintiff, however, as a part of the trade agreed to procure the establishment of a highway across one side of the land; that in consideration that he would do so the defendant agreed to give him $100, making the whole amount, $1,100, or $900 in addition to the $200 paid down; he further claims that the plaintiff failed to procure the establishment of the highway.

The plaintiff claims that the purchase price of the land was $1,100. He admits that he promised incidentally to procure the establishment of the highway, but denies that any part of the $1,100 was the consideration for doing so. He further denies that he has failed to procure the establishment of the highway.

.The court found that of the $1,100 the sum of $1,000 was the purchase price of the land, and the sum of $100 was agreed to be paid as the consideration for procuring the establishment of the highway. The court also found that the plaintiff had failed to procure it, and rendered a decree accordingly. The plaintiff appeals.

*Laughlin* and *Campbell*, for appellant.

*Askren* and *Spence*, for appellee,

ROTHROCK, J.—I. No exception was taken to the decree, and the defendant insists that without such exception, no objection can be properly raised to it in this court.

1. PRACTICE: exception to decree in equity : trial de novo.

He cites *Roberts v. Cass*, 27 Iowa, 225. But that was an action at law. The case before us is an equitable action, triable anew upon appeal. In *Phipps v. Penn*, 23 Iowa, 30, a doubt was expressed whether under the Revision an exception to the decree in an

equitable action should not be taken to justify a trial upon appeal. But it does not appear to have ever been so held. We see nothing in our present statute upon the trial of equitable actions which requires such exceptions to be taken.

II. We are inclined to think that the evidence sustains the defendant's proposition that the sum of $100 of the $1,100 was to be paid to the plaintiff as the consideration for his agreement to procure the establishment of the highway. We come then to the question as to whether he performed his

2. CONTRACT: sale of land : partial failure of considera- tion.
agreement. Proceedings were instituted for the establishment of a highway, and they appear to have been regular except in one respect. A petition signed by the plaintiff and twenty-one others was filed in the auditor's office. A commissioner was appointed to examine the proposed road and report. The commissioner made the examination, laid out the road, and recommended its establishment. A day was fixed by the auditor for final hearing. Upon the day fixed it appeared that no claims for damages had been filed and that no objections were made. The auditor accordingly made an order that the road be established. At the next meeting of the board of supervisors the action of the auditor was approved.

Before proceeding to consider the objection urged by the defendant to the validity of the establishment of the road, we will state that according to the abstract the road described in the record introduced in evidence does not appear to be the road in controversy, but a different road, running parallel to the road in controversy and a mile farther south. But no allusion is made to this fact by counsel on either side. They have assumed in their arguments that the road described in the abstract of the record is the road in controversy, and the witnesses seem to regard it as the same road. We have concluded, therefore, that a mistake was made in printing the abstract, that the word *southeast* was used where the word *northeast* was intended.

Proceeding upon this theory, we come to the consideration

of the objection urged by the defendant against the validity
of the establishment of the road.    Section 934 of the Code
provides that the auditor in appointing a day for final hear-
ing shall appoint a day not less than sixty, nor
more than ninety days' distant.    The appoint-
ment was made February 27th, 1875, and the
day appointed for final hearing was May 29, 1875.
The auditor, probably not observing that March has thirty-
one days, appointed a day for final hearing ninety-one days
distant.    The defendant contends that this being so, the audi-
tor, on the day appointed for final hearing, had lost all juris-
diction, and that his order made on that day was void, and
that no subsequent approval of the board could make it valid.

*3. HIGHWAY:
establish-
ment of : ir-
regularity:
res adjudi-
cata.*

Whether this position be correct or not, we do not think
it necessary to determine.    That the action of the auditor
was irregular, and erroneous, to say the least, must be ad-
mitted.    It appears that in the year 1877 one Cooper com-
menced an action to enjoin one Ramsey, the road supervisor,
from opening the road in controversy, and that after the sub-
stitution of J. H. Morgan, as party defendant, there was a
trial involving the validity of said road · and the opening of
the same was perpetually enjoined.

This must be regarded as an adjudication, binding upon
the public, and upon all persons interested, that no road was
legally established.    The proper party defendant was before
the court to test the question as to whether or not the road
was a legal highway.    The plaintiff's obligation bound him
to procure a highway, not merely upon paper, but one which
could be opened and traveled.    In this he failed.    It is no
answer to this position to say that he was not a party to the
action for the injunction.    He, as well as the whole public,
was represented by the supervisor of roads, and is bound by
the decree.    Besides it appears that he had actual notice of
the pendency of the action, and the evidence pretty conclu-
sively shows that he caused a notice to be served on Cooper
to open the road through his land.·    The road supervisor was

the representative of the public, and the only person authorized by law to open the road, and the injunction is a complete bar to any further proceedings involving the validity of the road. The plaintiff's obligation was to procure the establishment of the road, not subject to be defeated by any legal proceeding, either by injunction or *certiorari*. It having been judicially determined that the road cannot be opened, we think the defendant should not be required to pay the consideration he agreed to pay therefor.

AFFIRMED.

ADAMS, J., *dissenting.*—I think that the evidence shows that the plaintiff procured the establishment of a road according to his agreement. It is true the auditor erred in appointing for final hearing a day ninety-one days distant. But his action was not, I think, for that reason void. He had acquired jurisdiction to appoint the day, and the most, I think, that can be said is that his action by reason of the error in appointing the wrong day was subject to be annulled upon *certiorari*. If I am correct in this, it follows that the action not being annulled, the road became a legal road. After the lapse of twelve months, the time within which a writ of *certiorari* could issue, the error was wholly immaterial. If, at that point of time, this action had been brought, the defendant could not have successfully maintained that the plaintiff had not procured the establishment of the road; there was, then, a point of time when the plaintiff had performed his agreement. It did not become unperformed by what afterwards transpired, nor did the plaintiff become estopped from saying that he had performed his agreement. The action for an injunction brought by Cooper against Ramsey did not have that effect, because the plaintiff Dicken was not a party to it.