EMILY SCHUPANITZ, plaintiff, Appellant, v. HENRY FARWICK AND WIFE, B. WENTHOLD, MARY A. HEMMER, J. J. BRUENING, C. CHRISTEN, Sheriff, etc., defendants, Appellees.

Subrogation: PRIORITIES OF MORTGAGES: *Estoppel by judgment.*
Two mortgages were given on three several tracts of land, and a third was given to plaintiff on two of said tracts, and a fourth was given to defendant on the three tracts. Plaintiff

and the second mortgagee took an assignment of the first mort-
gage, and brought foreclosure, making the mortgagor and de-
fendant parties. Defendant by cross bill, asked that all the
property, except the tract not included in plaintiff's third
mortgage, be first exposed for sale which was granted, and on
sale the first and second mortgages were satisfied. *Held*, that
plaintiff on bringing action to foreclose the third mortgage,
was not entitled to subrogation, and to satisfy her lien against
the tract not included in the third mortgage, as such relief
was inconsistent with that granted defendant, and plaintiff
was estopped by the judgment in that action.

*Appeal from Winneshiek District Court.*—HON. L. E.
Fellows, Judge.

THURSDAY, JANUARY 30, 1902.

ACTION in equity for the foreclosure of a mortgage
made by the defendant Farwick to plaintiff, and for subro-
gation to the rights acquired by defendant Wenthold, Bruen-
ing, and Hemmer under certain other mortgages also made
by the said Farwick. The cause was tried below upon an
agreed statement of facts, and a decree entered dismissing
the petition. Plaintiff appeals.—*Affirmed.*

*D. Shea* and *M. J. Carter* for appellant.

*N. Willett* for appellees.

WEAVER, J.—The record in this case is somewhat com-
plicated, but the material facts may be stated as follows:
In January, 1896, Farwick executed a mortgage for $2,500
to F. Schack upon three several tracts of land. In April of
the same year he executed a second mortgage upon all three
tracts for $1,274 to defendant Wenthold. In June follow-
ing he executed a third mortgage to plaintiff for $815 upon
two of the tracts above mentioned, omitting one parcel
of 15 acres. In September Farwick executed a fourth mort-
gage for $840 upon all three tracts to the defendant Mary

Hemmer. About this time he seems-to have escaped into Minnesota, and the court is thus relieved from the necessity of dealing with an indefinite increase of mortgage liens. In May, 1898, Mrs. Hemmer, the holder of the last mortgage, secured a foreclosure thereof, making Farwick and wife the only defendants, and on June 20, 1898, sale was had in such foreclosure proceedings; said mortgagee purchasing all the mortgaged property, and receiving a sheriff's certificate accordingly. On July 5, 1898, plaintiff holding the third mortgage, and defendant Wenthold, holding the second mortgage, together took an assignment of the first mortgage from Schack and instituted foreclosure proceedings upon it, making Farwick and wife and Mrs. Hemmer defendants. Mrs. Hemmer appeared in said action, and by cross bill asked that all that portion of the property described in the Schack mortgage (except the 15 acres not included in the mortgage to Mrs. Schupanitz) be first exposed for sale before making any sale of said excepted tract. The court found Mrs. Hemmer entitled to the relief asked, and, while foreclosing the Schack mortgage as against all the lands, ordered that the sheriff should first sell the two tracts described in all four mortgages, and that the fourth or 15 acre tract should only be liable for any balance remaining after the rest of the property had been exhausted. Upon sale being made under this decree, the two tracts above mentioned were struck off to the defendant J. J. Bruening for a sum sufficient to pay both the first (or Schack) mortgage and the second (or Wenthold) mortgage in full, and sheriff's certificate was issued to said purchaser. Thereafter, in April, 1899, the plaintiff brings this action to foreclose the third mortgage, and, alleging that all her security has been exhausted in satisfying the prior mortgages given to Schack and Wenthold, asks to be subrogated thereto, in order that she may enforce her claim against the 15 acre tract, which was not exhausted by the prior liens.

The right of subrogation under appropriate conditions is well settled, and has been stated as follows: If the first mortgagee has a lien upon two tracts of land, and the junior mortgagee has a lien upon but one of such parcels, the latter may compel the former to resort to the property on which the latter has no lien and exhaust it before subjecting the other. In further application of the same principle, it is also said that if the prior creditor who has a lien upon two funds or two items of property satisfies his demand out of the one fund or item of property, on which alone the junior creditor has a lien, equity will subrogate the latter to the former lien upon that part of the security which has not been exhausted. Sheldon, Subrogation, sections 61, 62; *Wolf v. Smith,* 36 Iowa, 454; *Cheesebrough v. Millard,* 1 Johns. Ch. 409 (7 Am. Dec. 494). On general principles it is entirely just to say, as urged by appellant, that a creditor having the choice of two funds out of which to enforce his claim ought to exercise that choice in such manner as not to injure other creditors who can resort to but one of such funds, and if, in the exercise of his legal right, he exhausts that fund alone to which other creditors can resort, equity will place them in his position, so far as he has applied their funds to the satisfaction of his claims; and the only serious question here is whether appellant is in position to avail herself of the benefit of the admitted rule. Had Schack, the first mortgagee, foreclosed his mortgage and caused the land which was also included in appellant's mortgage to be alone sold, thereby satisfying his claim, then, undoubtedly, appellant, as between herself and Schack, would be entitled to subrogation to the first lien against the 15 acres not exhausted by the foreclosure. But such is not the situation. Appellant herself, with Wenthold, purchased the Schack mortgage, and herself foreclosed it. In that proceeding the defendant Hemmer appeared, and upon her cross petition the court provided for what may be called a "marshaling of the securities," and

ordered that the property covered by appellant's mortgage be first exhausted. We do not stop to inquire whether that adjudication was correct. It was made in an action brought by the appellant, and, as she did not appeal therefrom, we must presume she was satisfied with it. It was by her own act and consent that the security of her third mortgage, which she now seeks to foreclose, was exhausted in discharge of the lien of her first mortgage. It is true that in said proceeding appellant did not plead or seek to foreclose the mortgage now sued upon, but it is true that in Mrs. Hemmer's cross petition the existence of said mortgage was specifically pleaded as one of the grounds upon which she claimed and she was granted the relief requiring the property covered by appellant's lien be first sold. If appellant believed herself entitled to the remedy she now seeks, it was entirely competent for her, by appropriate pleading, to have presented her claim, and to have demanded that the 15 acre tract be the first to be exhausted in payment of the paramount lien. It will readily be seen that Mrs. Hemmer's claim to have the common security first applied to the payment of the prior lien, and appellant's claim to have the tract not included in such common security first so applied, are irreconcilable, and the granting of the one is of necessity the denial of the other. The decree, therefore, in the foreclosure of the Schack mortgage, granting Mrs. Hemmer's demand as to the order of sale of the mortgaged property, operates as an estoppel upon appellant in this proceeding.

For the reasons stated, the judgment of the district court is AFFIRMED.